**People of the State of Illinois, ex rel. George Baumann, Appellee, v. William H. Gest, Jr., City Treasurer, Appellant.**

### Gen. No. 5,073.

1. MANDAMUS—*when answer is insufficient.* An answer is insufficient which does not traverse the allegations of the petition as broadly as they are made.

2. DRAM-SHOPS—*when city treasurer will be compelled to accept license fee.* A city treasurer may not predicate his refusal to accept a license fee upon the ground that the mayor of the city, when the application for the license is made to him, will refuse to grant it.

3. PLEADING—*when demurrer in mandamus will not be carried back to the petition.* Ordinarily, if a demurrer has been interposed

to a petition and overruled, a demurrer to an answer will not be carried back, nor will such a demurrer be carried back if the petition is not so defective as to authorize judgment to be stayed by a motion in arrest.

Mandamus. Appeal from the Circuit Court of Rock Island county; the Hon. W. H. Gest, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 24, 1909.

**Statement by the Court.** George Baumann, appellee, filed a petition against William H. Gest, Jr., appellant, city treasurer of the city of Rock Island, seeking to compel Gest as such treasurer to receive the sum of $250 as license money for a license for the sale of intoxicating liquors.

The petition sets out that the relator resides in the city of Davenport, and that article 6, chapter 17 of the ordinances of the city of Rock Island enacted in 1903 and subsequently amended provides as follows:

"Sec. 1. The Mayor of said city is hereby authorized to grant a license for the sale of intoxicating, malt, vinous and fermented liquor to any person of full age and good character, who shall make application to him therefor, in writing, stating his place of business and names of his sureties, upon compliance of such applicant with the following requirements; such applicant shall give to the city of Rock Island a bond in the penal sum of $1000 with at least two good and sufficient sureties　*　*　*　to be approved by the Mayor, and conditioned that the licensee shall in all things, faithfully observe and keep all ordinances of said city which may be in force during the period of such license, or any portion of such period, regulating or relating to dram-shops　*　*　*　and that he will pay to said city all fines　*　*　*　the municipal year beginning on the first Monday in May each year is hereby divided into two periods as follows: From the first Monday in May to the first Monday in November, and from the first Monday in November to the first Monday in May.　*　*　*　The applicant for such license shall pay for the use of said city for such license as follows　*　*　*　for the first

period of the municipal year, two hundred and fifty dollars. * * * Such applicant shall also at the same time, execute a bond payable to the people of the state of Illinois, and conditioned as required by the statutes of this state in relation to dram shops. Upon compliance with said requirements, a license shall be issued to such applicant * * * the application for such license shall be accompanied by a petition signed by a majority of the property owners on both sides of the street or avenue on which it is proposed to issue a license for a saloon and within 300 feet of the front door of the premises in each direction. * * * It is further required that every application for a license where it may be necessary that a petition shall accompany the same, shall be filed in the office of the city clerk of Rock Island and published in a newspaper of general circulation printed in this city for at least (10) ten days before the license can be issued. This ordinance is not applicable to and is not to be construed as affecting places designated in licenses already issued, so long as the places so designated shall be used for the purposes specified in said license; but in the event of any place that is now used for saloon purposes being hereafter vacated and abandoned for said use for any reason whatever and having remained so vacated and discontinued for more than (7) seven months, it shall be necessary before the same can again be used for the purpose designated in said license to file with their application for the same the petition above called for. * * *

"Sec. 6. * * * No license under this ordinance shall be granted to conduct a saloon in any place where there are wine rooms or stalls in connection therewith that have doors, screens or curtains attached thereto * * * any violation of this provision, by attaching such doors, screens or curtains shall be a sufficient cause to revoke the license * * *"

The petitioner states he is desirous of obtaining a license from the city of Rock Island for the sale of intoxicating liquors at number 117 Eighteenth street in said city; that on the 30th day of June, 1908, he tendered $250 to William H. Gest, Jr., treasurer of

the city of Rock Island, and demanded that as such treasurer he receive the same for the purposes as aforesaid; that said treasurer refused to accept said sum; that there was issued on the first Monday of November, 1902, by the mayor of the city of Rock Island a license to sell intoxicating liquors in said building, which license ran to and expired on the first Monday of May, 1903, and that on the first Monday of each November and May since the first Monday of May, 1903, there was issued a license as aforesaid to sell intoxicating liquor in said building, each of which licenses ran to the first day of the next six months; that on the first Monday of May, 1908, there was not issued a license as aforesaid; that in said building 117 Eighteenth street there are no wine rooms that have doors, screens or curtains attached thereto; that it is necessary to pay said sum in advance to the city treasurer before petitioner can make application to the mayor for the granting of such license, by means whereof he is prevented from petitioning the mayor in writing for the license that he would be justly entitled to upon said treasurer accepting said sum; that he brings the money into open court; that since such tender he has been ready and willing to pay such sum to such treasurer, wherefore he prays etc. The respondent demurred to the petition, and the demurrer was overruled.

The respondent answered denying there was issued on the first Monday of November, 1902, a license to sell intoxicating liquor in the building described in the petition and that on the first Monday of each November and May thereafter any legal license was issued as alleged. The answer denies that there are no rooms or stalls in connection therewith that have doors, screens or curtains attached thereto, but states that stalls, wine rooms, screens and curtains such as are contrary to the ordinances of said city of Rock Island have been in use in said building but now are temporarily displaced and are still in said building

ready to be put in place in case petitioner secures the license; that respondent has no right to receive the money offered as alleged, and that the mayor of the city will refuse to issue said license even if the writ is issued against the respondent; that in the judgment of the mayor the building is unfit for use as a saloon and has been a resort of persons of ill repute and that no saloon license should be issued to said petitioner for said place. The relator demurred to the answer. The court sustained the demurrer to the answer and, the respondent abiding by his answer, judgment was rendered that a peremptory writ of mandamus issue, commanding the respondent as treasurer to receive such money, and for costs. From that judgment the respondent appeals to this court.

J. F. WITTER, for appellant.

McENIRY & McENIRY, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

The answer of the respondent did not traverse any allegation of the petition. The statement in the answer denying that neither on the first Monday in May, 1903, was any legal license issued nor on the first Monday of each succeeding November and May was any such legal license issued, is not a traverse of the averment of the petition that at each of said times there had been issued a license to sell intoxicating liquors, etc., in said building. The answer limited the denial to a legal license. The traverse was insufficient because it was not as broad as the averment.

The only other averment of the petition attempted to be traversed was that which stated that there were no wine rooms or stalls in connection therewith that have doors, etc. The respondent denies this averment, but immediately, in the same sentence, limits the denial by stating that they are now temporarily displaced and ready to be placed in position in case

petitioner secures a license. The effect of the answer is that the wine rooms, etc., are now removed. If they should be replaced the ordinance makes provision for the revocation of the license.

The respondent officially was not concerned with what the mayor might or might not do concerning the license. It was the duty of the city treasurer to receive the money tendered without regard to the mayor's intentions. If one officer may govern his acts because of what some other officer may say he will do, then it is in the power of officers seriously to embarrass each other. So far as the treasurer is concerned no legal reason is set up in the answer for his refusal to receive the money tendered. If the relator should be unable to secure the license from the officer whose duty it is to issue it, still that was no reason for the failure of the treasurer to receive the money. The demurrer was properly sustained to the answer.

It is now insisted by appellant that the demurrer to the answer should have been carried back to the petition. The appellant had filed a demurrer to the petition which had been overruled. Mandamus is a common law action and governed by the rules of the common law as to pleading. People *ex rel.* v. Crabbe, 156 Ill. 155. "It is a general rule of pleading that a demurrer, at whatever stage it is interposed, reaches back in its effect through the whole record and attaches ultimately to the first substantial defect in the pleadings on whichsoever side it may have occurred, defects in substance not being aided by the adverse party's mere pleading over, as formal defects are. Gould on Pl. 441; 1 Chitty Pl. 668. A demurrer may be carried back to the declaration, where that pleading is so defective that judgment upon it would be arrested. McFadden v. Fortier, 20 Ill. 509. The rule would seem to be that the defect in a declaration to which the demurrer will be carried back must be one for which the judgment should be arrested and not otherwise." People *ex rel.* v. Crabbe, *supra.* The

general rule is that the court will not carry a demurrer back and sustain it to a pleading to which a demurrer has already been overruled. Culver v. Third National Bank, 64 Ill. 528. "But if the declaration is so defective as not to support a judgment, that may be availed of on error, even after a demurrer has been overruled and the defendant has pleaded over." Kipp v. Lichenstein, 79 Ill. 358; Smalley v. Edey, 19 Ill. 207; People ex rel. v. Spring Valley, 129 Ill. 169. The petition was not sufficiently defective in substance to require the judgment to be stayed on a motion in arrest, and there was no error in refusing to carry the demurrer back to the petition. The judgment is affirmed.

*Affirmed.*