(No. 14657.—Judgment affirmed.)

THE PEOPLE *ex rel.* Thomas A. Porter *et al.* Appellants, *vs.*
H. F. NORDMEYER *et al.* Appellees.

*Opinion filed October 21, 1922—Rehearing denied Dec. 8, 1922.*

1. APPEALS AND ERRORS—*motions, and rulings thereon, must be
preserved by bill of exceptions or stenographic report.* Motions,
and rulings thereon, must be incorporated either in a bill of excep-
tions or stenographic report signed by the judge of the lower court
before they can become a part of the record so as to be considered
by the Supreme Court.

2. QUO WARRANTO—*demurrer will be carried back to the first
error in pleadings.* By the well-settled principles of pleading a
demurrer will reach back to the first error in the pleadings, and
even though the demurrer of relators states good objections to the
plea to their information, they cannot complain of the overruling
of the demurrer if the information is fatally defective.

3. DRAINAGE—*when information should be against corporation
and not officers of the district.* An information to test the validity
of the annexation of the relators' lands to a drainage district al-
ready organized should make the corporation the defendant to the
proceedings and not the individuals acting as officers of the cor-
poration, as the remedy is against the corporation when it abuses
its franchises or usurps franchises which do not belong to it and
not against officers who are properly in authority.

APPEAL from the Circuit Court of Kankakee county;
the Hon. ARTHUR W. DESELM, Judge, presiding.

ANKER C. JENSEN, State's Attorney, A. F. GOODYEAR,
E. A. MARCOTTE, and JOHN H. BECKERS, for appellants.

W. R. HUNTER, for appellees.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of
the court:

Leave first being had, the State's attorney of Kanka-
kee county, on the relation of certain land owners, filed an
information in the nature of *quo warranto* in the circuit
court of said county charging that appellees were unlaw-

fully usurping and executing the office of commissioners of the Minnie Creek Drainage District, and as such commissioners were assuming jurisdiction and control of the several tracts of land of relators described in said information. The information concluded with the prayer that appellees show by what warrant they claimed to hold and exercise the office so far as the same related to the lands of relators described in said information. To this information appellees filed their plea, in which they set out in detail the proceedings by which the lands of relators were annexed to the Minnie Creek Drainage District, and justified their assuming jurisdiction and control over the lands of relators as commissioners of said district on the ground that the lands are, by virtue of said annexation proceedings, regularly a part of said district. To this plea relators filed what they style a demurrer and what the court has treated as such, in which they set out six special grounds of demurrer. This demurrer was overruled, and relators having elected to stand by the demurrer, the court found appellees not guilty of the charges contained in the information and entered its judgment accordingly. From this judgment this appeal is prosecuted.

Appellees have filed in this court what they style a supplemental transcript of record. The purpose of appellees appears to be to bring before this court the motion for leave to file the information and to question the action of the court in permitting the information to be filed. The court cannot consider any of this matter, for the reason that there is no bill of exceptions or stenographic report signed by the judge and filed with this record. Motions, and rulings thereon, must be incorporated either in a bill of exceptions or stenographic report and signed by the judge of the lower court before they can become a part of the record. (*People v. Cowen,* 283 Ill. 308.) The so-called supplemental transcript of the record contains nothing that is properly before the court and so is not considered.

The information filed is inartificially drawn and it is difficult to ascertain from the information alone just what relief relators seek. They say in the information that appellees are unlawfully usurping the office of commissioners "so far as the same relates to the said several tracts, pieces and parcels of land" which are particularly described in the information. Appellees by their plea seem to have assumed that the relators were challenging the validity of certain annexation proceedings by which the boundaries of the district were extended to include relators' lands, and have justified on that theory. None of the six grounds of demurrer set out in writing by the relators challenge the sufficiency of the plea on the ground that the district was not regularly organized and is not now a valid and existing district nor that appellees were not regularly elected commissioners of said district. The third cause of demurrer assigned is, "that the said petition set out in said plea is insufficient to confer jurisdiction to annex said lands to said drainage district or any tract or tracts thereof." From this it appears that all parties assumed in the trial court that this was a proceeding to question the validity of the annexation proceedings. The briefs of both parties filed in this court proceed on the same theory. Relators do not now contend that this proceeding is to question the legal existence or organization of the Minnie Creek Drainage District or that appellees are unlawfully assuming to be the officers of a corporation not in existence. They do contend, however, that the plea of appellees is insufficient for the reason that it does not show the due organization of the drainage district under some certain statute and that it does not show that the district is now in existence. Granting that these objections to the plea are good, relators are in no position to complain that a demurrer has been overruled to a defective plea when their information is fatally defective. By the well-settled principles of pleading the demurrer would reach back to the first error in the pleadings, and the consequences

of a defective pleading will rest upon the party committing the first error. Treating this information as it has been treated by all parties, both in the trial court and in this court, as an information to test the validity of the annexation proceedings, the Minnie Creek Drainage District, as a corporation, should have been made the party defendant and not the individuals acting as the officers of the corporation. When an existing corporation abuses any of its franchises or usurps franchises which do not belong to it, the remedy is by *quo warranto* against the corporation as such. (*People* v. *City of Peoria,* 166 Ill. 517.) The information being insufficient, appellees were properly acquitted.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*