(No. 15474.—Judgment affirmed.)

THE PEOPLE *ex rel.* Thomas A. Porter *et al.* Appellees, *vs.* THE MINNIE CREEK DRAINAGE DISTRICT, Appellant.

*Opinion filed February 19, 1924.*

1. JUDGMENTS AND DECREES—*a final judgment is conclusive between the parties.* Where the subject matter of a cause of action has been once determined by the final judgment or decree of a court having jurisdiction of the parties and the subject matter, the judgment or decree will be conclusive between the parties and will be a bar to any other proceeding in the same cause of action.

2. QUO WARRANTO—*a judgment dismissing suit for improper party is not bar to subsequent suit against proper party—drainage.* Where a suit is dismissed because brought against one who is not a proper party, the judgment of dismissal is not a bar to a subsequent suit for the same cause of action against the proper party, and a judgment dismissing a proceeding in *quo warranto* because brought against the officers of a drainage district and not against the district itself is not a bar to a later suit against the district.

3. DRAINAGE—*section 58a of the Levee act requires same procedure and notice as in section 58.* While section 58a of the Levee act makes no provision for notice or any procedure in annexing lands to a drainage district it should be read with section 58 as a part of or supplement to said section, and it does not give drainage commissioners jurisdiction to proceed to annex lands without observing the requirements of section 58 as to notice and procedure.

APPEAL from the Circuit Court of Kankakee county; the Hon. ARTHUR W. DeSELM, Judge, presiding.

W. R. HUNTER, for appellant.

ANKER C. JENSEN, State's Attorney, JOHN H. BECKERS, E. A. MARCOTTE, and A. F. GOODYEAR, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The State's attorney of Kankakee county by leave of court filed in the circuit court of Kankakee county an information in the name of the People of the State of Illinois, on the relation of Thomas A. Porter and other land owners, containing six counts, charging the Minnie Creek Drainage District, organized under the Levee act, with usurping jurisdiction over the lands of the relators under a claim that the lands had been annexed to the district by a proceeding which was alleged to have been unauthorized by law and conducted under a section of the Levee act which was unconstitutional and void. The defendant demurred to the second, third and sixth counts and filed pleas to the first, fourth and fifth. The demurrer to the second, third and sixth counts was sustained. The first plea to the first, fourth and fifth counts was a plea of justification, setting out proceedings had for the annexation of the lands to the district. The second plea alleged a former proceeding by information, in which the commissioners of the district were adjudged not guilty of the charges contained in the information relating to the same proceeding for annexation, which judgment was affirmed by this court, and alleged that such judgment was a final and conclusive adjudication of the matters involved in this proceeding and operated as a bar against litigating the same questions against the district. The People demurred to these pleas and the demurrer was sustained. The defendant electing to stand by its pleas, judgment of ouster was entered, from which this appeal was prosecuted.

The first question to be considered is whether the court erred in sustaining the demurrer to the second plea, which set forth the former judgment and alleged that it was a final and conclusive determination of the questions involved, since that plea, if good, would be a bar to this suit.

Where the subject matter of a cause of action has been once determined by the final judgment or decree of a court having jurisdiction of the parties and the subject matter, the judgment or decree will be conclusive between the parties and will be a bar to any other proceeding on the same cause of action. (*Stickney* v. *Goudy,* 132 Ill. 213.) The proceeding set forth in the plea was an information by the State's attorney, on the relation of land owners in the territory claimed to have been annexed to the district, charging that H. F. Nordmeyer, Samuel Devere and Adolph Maulbetsch unlawfully held and executed, without any right or lawful authority, the office and franchise of commissioners of the Minnie Creek Drainage District, and as such commissioners assumed jurisdiction and control over the several tracts of land therein described. These individuals were made defendants and filed a plea setting out proceedings by which they alleged the lands of the relators were annexed to the district and justified their assuming jurisdiction over the lands by virtue of such annexation proceedings. The People demurred to the plea, and the demurrer being overruled the People elected to stand by it, and the court found the relators not guilty and entered judgment accordingly. An appeal was prosecuted to this court and the sustaining of the demurrer was assigned for error. No objection was made by any of the parties that the individuals were not proper parties defendant to the proceeding, but this court stated the settled rules of law that the district was the only proper party defendant and that a demurrer to a pleading would be carried back to the first error in pleading. It was therefore held that the information was insufficient and the court did not err in finding the de-

fendants not guilty and entering the judgment. *People* v. *Nordmeyer,* 305 Ill. 289.

Where a suit is dismissed because brought against one who is not a proper party, the judgment of dismissal is not a bar to a subsequent suit for the same cause of action. The case of *Cochran* v. *McDowell,* 15 Ill. 10, was of that character. A guardian *ad litem* filed a plea in bar of a suit in equity, alleging a former suit for the same cause by the same complainant, which was dismissed because the administratrix had not been made a party. To this plea a demurrer was filed, and this court said the proper practice would have been to set the plea for hearing instead of demurring to it, but, regarding the demurrer as equivalent to setting the plea for hearing, held there was no adjudication upon the merits of the controversy or matter in litigation because the bill was dismissed for want of proper parties. In *Farwell* v. *Great Western Telegraph Co.* 161 Ill. 522, it was held that a judgment upon demurrer by reason of defective pleading does not bar a subsequent suit founded upon the same cause of action well pleaded. In *Farmers and Mechanics Life Ass'n* v. *Caine,* 224 Ill. 599, it was held that a judgment for the defendant, upon sustaining a general demurrer to a bill in equity, is not a bar to a subsequent suit at law where the ground for sustaining the demurrer is that the complainant has mistaken his remedy. Whatever the accepted rules of pleading may have been as applicable to the case when the former proceeding was before this court and whether the defect of want of a proper party was one to have been alleged by demurrer, plea or some other method, the substance of things will be considered, and the judgment of this court being that the information was not properly filed against individuals instead of the district, the judgment amounted to a dismissal of the proceeding because not against the proper party, which necessarily would not be bound by the proceeding. The former

adjudication by this court was not a bar to this suit, and the court did not err in sustaining the demurrer to the plea.

The facts alleged in the plea of justification by which the district claimed authority over the lands alleged to have been annexed are as follows: A petition of land owners was presented to the commissioners, alleging that certain lands were involved in the same system of drainage and required for outlets the drains of the district. At a meeting of the commissioners a resolution was adopted that the boundaries of the enlarged district should be as therein stated and that a hearing upon the petition would be held at William Miller's residence at a time stated. The commissioners met at that residence at the time fixed and found that notice of the filing of the petition, with a copy of the resolution, had been published in a newspaper and that notices had been posted at various places. The commissioners took the petition under advisement so as to better examine the lands and consider the evidence, and adjourned to meet on December 2, 1920, at the office of their attorney, in Kankakee. At that meeting an order was entered reciting an examination of the lands by the commissioners, a consideration of the evidence, a finding that the commissioners had jurisdiction of the subject matter, that notices had been given, and that the lands were involved in the same system of drainage and required for outlets the drains of the district made or proposed to be made. It was therefore ordered that the prayer of the petition should be granted and the district enlarged to include the lands described in the order.

The proceeding was had under section 58a of the Levee act. Section 58 provided that where any land lying outside of the drainage district as organized, the owner or owners of which should thereafter make connection with the main ditch or drain or with any ditch or drain within the district and whose lands would be benefited by the work of such district, should be deemed to have made voluntary applica-

tion to be included in the district, and provided for a proceeding for annexation of such lands, giving jurisdiction to the county court or a justice of the peace and providing for the procedure necessary for the annexation. Section 58*a* was inserted in the act and contained provisions respecting the right of owners of land outside a drainage district to make connection with the ditches of the district, with a repetition of the provision of section 58 that if individual land owners outside the district should so connect they should be deemed to have voluntarily applied to be included in the district. Then follows this provision: "Drainage commissioners may at any time enlarge the boundaries of their districts by attaching new areas of land which are involved in the same system of drainage and require for outlets the drains of the district made or proposed to be made, as the case may be, on petition of as great a proportion of the land owners of the area to be added as is required for an original district." Section 58*a* made no provision for notice or any procedure for annexation but was evidently intended as an addendum to section 58. The manifest intention of the legislature by adding section 58*a* was to extend the provisions of section 58 to cases where lands are involved in the same system of drainage and require the outlets of the district for drainage. As section 58*a* made no provision for notice, procedure or method of obtaining or exercising jurisdiction, it should be read with and as a part of or supplement to section 58, which did contain all such provisions. It did not give jurisdiction to the commissioners to proceed, as they did, to annex the lands of the relators, and the court did not err in sustaining the demurrer to the first plea, which purported to justify the exercise of jurisdiction by the district over lands not lawfully annexed.

The judgment is affirmed. *Judgment affirmed.*