## The People of the State of Illinois ex rel. A. W. Stoolman et al., Appellees, v. Charles C. Pyle, Appellant.

### Gen. No. 7,801.

1. APPEAL AND ERROR—*nonreviewability of motion and affidavits for want of inclusion in record.* Where the appellant in quo warranto proceedings, before filing pleas, filed a motion with affidavits to withdraw leave to file information and such motion is incorporated with the record over the clerk's certificate and brought to the attention of the court, such motion and affidavits, not being incorporated in a bill of exceptions and attested by the trial judge, are not a part of the record and cannot be considered.

2. QUO WARRANTO—*when demurrer not carried back to initial pleading.* Where the information in quo warranto proceedings was sufficient in form, appellant's demurrer to appellee's replication will not be carried back so as to enable appellant to point out defects in the petition.

3. FORMER ADJUDICATION—*inconclusiveness for diversity of parties.* Where appellant in quo warranto proceedings charging him with usurping offices in a corporation was not a party to a prior chancery suit by another against relators to determine the ownership of a certificate for three shares of stock in the corporation, the court is not deprived of jurisdiction in the quo warranto proceeding by such prior suit.

4. INJUNCTIONS—*as remedy to try title to office in private corporation.* A court of equity is not the proper forum and has no jurisdiction to try the title to a corporate office when that is the primary relief sought, quo warranto being the proper remedy.

5. QUO WARRANTO—*estoppel to deny title of officer of private corporation.* One who took part in a corporate election and assisted in electing a certain person as secretary of the corporation is estopped, in a subsequent quo warranto proceeding against himself, to deny that such person is the secretary.

6. CORPORATIONS—*estoppel to deny ownership of stock in quo warranto proceeding.* Where there are no charges of misrepresentation on the part of one of the relators in a quo warranto proceeding in obtaining and retaining possession of a stock certificate that would amount to fraud and the shares of stock appear duly recorded in the name of such relator, as owner, in the ledger and stock transfer book in accordance with the by-law of the corporation and the statute, appellant cannot maintain that such relator holds a mere legal title and appellant the equitable title to such stock.

7. CONTRACTS—*invalidity as against public policy of agreement to control incumbency of corporation office.* A contract between the stockholders of a corporation that there should be no change in the appointment of one of such stockholders as general manager without the consent of all of the stockholders would be in violation of the constitution and public policy of the State.

8. QUO WARRANTO—*defenses available to respondent.* In a quo warranto proceeding the respondent, by his plea, must either disclaim or justify.

Appeal by defendant from the Circuit Court of Champaign county; the Hon. GEORGE A. SENTEL, Judge, presiding. Heard in this court at the October term, 1924. Affirmed. Opinion filed December 31, 1924.

H. LEONARD JONES and HERRICK & HERRICK, for appellant.

ROY R. CLINE, State's Attorney, for appellees; DOBBINS & DOBBINS and GREEN & PALMER, of counsel.

MR. PRESIDING JUSTICE SHURTLEFF delivered the opinion of the court.

Appellees, relators in the name of the People, through the State's Attorney, presented their information to the circuit court of Champaign county, charging that appellant had usurped the offices of general manager and president of the Rialto Theater Company, a corporation organized on the 10th day of February, A. D. 1922, and praying a writ of quo warranto. The pleadings are profuse and judgment of ouster was entered upon them. We shall set out the substance of such parts of them only as are necessary

to an understanding and determination of the case.

It is charged in the information that subsequent to February 8, 1923, and prior to January 8, 1924, the board of directors consisted of A. W. Stoolman, Lois F. Stoolman and appellant, and that during that period and to the present time the capital stock of the corporation amounted to $5,000, divided into one hundred shares each of the par value of $50, and at that time A. W. Stoolman held and owned fifty-two shares, Lois F. Stoolman one share and appellant forty-seven shares; that under the statute and the by-laws the stock ledger and stock transfer book constituted the sole and exclusive evidence of who were the stockholders and who, as such stockholders, have the right to vote at meetings. The officers consisted of a president, vice president, secretary, treasurer and general manager, and it was further provided in the by-laws that the board of directors should have the power to appoint and at its discretion to remove and suspend, permanently or temporarily, such officers as it may from time to time choose; that appellant had originally been elected president of the board of directors, but had not been general manager prior to May 16, 1923; that by due and proper resolutions adopted by the board of directors on May 14, 1923, appellant was removed from the office of president, and on the 16th day of May, 1923, by like resolutions, appellant had been appointed general manager and A. W. Stoolman had been appointed president, and that on the 30th day of October, 1923, by resolution, appellant had been removed from the office of general manager and A. N. Gonsior had been appointed to that place. It is set out that charges were preferred against appellant at said October meeting, and that the resolutions were adopted by a majority of the board of directors owning fifty-three shares of the stock; that appellant refused to recognize said Gonsior as general manager and refused to turn over the

property of the Rialto Theater Company to said general manager, but has continued in said office by force and held possession of said property.

The information further sets out the particulars of the regular annual stockholders' meeting of the corporation, held on January 8, 1924, and the election of A. W. Stoolman, Lois F. Stoolman and A. N. Gonsior as the three directors, and thereafter the election and appointment of A. W. Stoolman as president, and the said A. N. Gonsior as general manager, by the votes of the holders of fifty-three shares of stock, and the information charges appellant with intruding into and usurping the offices of president and general manager. The information was supported by affidavits.

Appellant filed a plea to the writ the substance of which was that originally A. W. Stoolman owned fifty shares of stock, one H. E. McNevin three shares and appellant forty-seven shares, and that Stoolman, McNevin and appellant constituted the board of directors, and that appellant was elected president, A. W. Stoolman vice president, and McNevin secretary, and that prior to the organization of said company it was unanimously agreed between said three stockholders that said McNevin should hold and execute the office of general manager until some other or different manager might be mutually agreed upon, and that McNevin entered upon the duties of the office and held the same until the 13th day of December, 1922, and that thereafter it was mutually agreed that appellant should act as general manager, and the plea recites the proceedings of the regular annual meeting held on February 8, 1923, at which the said Stoolman moved the selection of A. W. Stoolman, Lois F. Stoolman and appellant as a board of directors, and casting fifty votes therefor, the said Lois F. Stoolman not being a stockholder and not qualified to hold the office of director; but that appellant voted forty-seven shares and McNevin three shares against said motion,

resulting in a tie vote, and the motion was lost.

The plea further states that the stock ledger showed that the said McNevin was the owner of said three shares of stock in the company until September 15, 1923, but that said A. W. Stoolman secured the possession of the books and records of said corporation and would not permit the minutes of the annual meeting of February 8, 1923, to be entered therein, and that said appellant had remained the duly elected and appointed president and general manager down to the present time, and that McNevin has remained the duly elected and appointed secretary down to the present time and is now the owner of said three shares of stock and has never granted a proxy to vote said stock to any person.

The plea further charges that in April, 1922, said Stoolman obtained the possession of said three shares of McNevin stock, under an agreement with said McNevin that the said Stoolman should be allowed to control the affairs of the Rialto Theater Company so long as the said McNevin should be continued as the general manager thereof, and that the said McNevin, at the request of Stoolman, delivered the certificate for said stock in trust to said Stoolman, with the understanding and agreement that the same should be returned to McNevin, by Stoolman, whenever the services of McNevin should be discontinued as such general manager, and that the services of McNevin were discontinued prior to the stockholders' meeting of February 9, 1923, since which time McNevin has made repeated demands for said certificate, but that Stoolman has wrongfully and unlawfully refused to return the same and now claims that he, said Stoolman, owns said three shares of stock and has always owned them. The plea sets out a suit in equity brought by McNevin against A. W. and Lois F. Stoolman in the circuit court of Champaign county to determine the ownership of the three shares of stock and for an

injunction, which suit was still pending and unde-termined. The plea alleges that said certificate of stock was transferred by appellant to McNevin as pay for services rendered by McNevin for appellant in promoting the erection of the Virginia Theater in said City of Champaign, and that appellant, as presi-dent, had never signed any transfer certificate and that no transfer of said certificate of stock would be legal without appellant's signature; that the position of general manager of said Rialto Theater Company, so held by appellant, has never been terminated by the mutual agreement of said Stoolman, McNevin and appellant, and that there has never been any valid election of directors or officers of said corporation at which any person has ever been elected president other than appellant's election at the first organiza-tion, and that there has never been any valid election at which the said Lois F. Stoolman was ever elected director or secretary; that McNevin and appellant, at all times, owned fifty shares of the corporate stock, and that McNevin took part in the corporate proceed-ings in February, 1923, and was so recognized by said A. W. Stoolman as a stockholder of said corporation at that time, and appellant averred by this warrant he held and executed the offices of president and gen-eral manager, etc.

Relators filed two replications, one as to each office. The first as to president in substance set out prac-tically all of the by-laws and the complete minutes of a special meeting of the board of directors, held on May 10, 1923, signed and attested by appellant as president and Lois F. Stoolman as secretary. At this meeting the record shows that appellant resigned the position of secretary, and by resolutions, seconded by appellant, Lois F. Stoolman was elected and ap-pointed secretary of the corporation, there being three directors voting for the resolution. The replication recites that prior to that time Lois F. Stoolman was an owner of stock and the stock ledger and stock

transfer book showed such ownership; that said Lois F. Stoolman, as such secretary, had possession of the stock records and corporation books from that time on. An assignment of the McNevin stock is set out *in hæc verba* to A. W. Stoolman, as follows:

"For value received, I hereby sell, assign and transfer, unto A. W. Stoolman, three shares of the capital stock represented by the within certificates and do hereby irrevocably constitute and appoint A. W. Stoolman attorney to transfer the said stock on the books of the within named corporation with full power of substitution in the premises.

Dated March 2, 1922.

H. E. McNevin.

In the presence of Francis Lemmon."

The replication also recites the surrender of said certificate on September 15, 1923, to the secretary, Lois F. Stoolman, for registration and the issue of a new certificate to A. W. Stoolman therefor, and the replication recites the complete notices given for and minutes of the annual meeting of the stockholders held on January 8, 1924; that prior to said meeting one share of A. W. Stoolman's stock had been transferred to relator A. N. Gonsior, at which meeting three stockholders, A. W. and Lois F. Stoolman and A. N. Gonsior, owning fifty-three shares of stock, were present, the Gonsior one share not voting. At this meeting A. W. Stoolman, Lois F. Stoolman and A. N. Gonsior were elected the board of directors. Appellant, although notified, was not present. Thereafter A. W. Stoolman was elected president, Lois F. Stoolman vice president and secretary, and A. N. Gonsior treasurer and general manager, and at said meetings all of the proceedings, resolutions, appointments and elections theretofore adopted and held were ratified, confirmed and approved. The second replication avers substantially the same matters as to the office of general manager.

Appellant demurred to the replications generally

and specially, because the replications did not show that Stoolman was the owner of the equitable interest in the three shares of stock. The demurrer was overruled.

Appellant filed a rejoinder and without traversing any of the matters averred in the replication it merely reiterated the matters set out in the pleas and emphasized that from and after the resignation of McNevin as general manager it was agreed by all of the stockholders and board of directors that appellant should hold said office until it was mutually agreed by and among all of the stockholders to make a change, and that appellant, being one of the stockholders, had never consented to such change. The rejoinder avers that said three shares of stock were transferred illegally and that all action taken thereafter was illegal and void.

Appellees demurred generally and specially to the rejoinder, the court sustained the demurrer and, appellant electing to stand by his pleading, there was judgment of ouster, from which this appeal is prosecuted.

Appellant, before filing pleas, filed a motion with affidavits to withdraw leave to file information, and this motion is incorporated with the record over the clerk's certificate and brought to the attention of the court. The motion and affidavits, not being incorporated in a bill of exceptions, and attested by the trial judge, are not a part of the record and cannot be considered. *People v. Nordmeyer,* 305 Ill. 290; *People v. Cowen,* 283 Ill. 308. Appellant, having demurred to appellees' replications principally upon the ground that said replications do not aver equitable ownership of said McNevin's stock certificate in A. W. Stoolman, and what consideration he paid therefor, contends that the demurrer to the rejoinder should be carried back to the replications, and even to search the entire record, and that defects in the petition may

be pointed out. A demurrer will be carried back, and when interposed to a defective plea it will be carried back to a fatally defective information. *People v. Nordmeyer*, 305 Ill. 289. Ordinarily a demurrer will not be carried back to a pleading which has been tested by demurrer, and upon which the court has passed judgment, *Heimberger v. Elliot Frog & Switch Co.*, 245 Ill. 452; *Town of Scott v. Artman*, 237 Ill. 394; *People v. Central Union Tel. Co.*, 192 Ill. 307; but in cases where the information is so defective that it would not support a judgment, the demurrer may be carried back, notwithstanding it is necessary to carry the demurrer back of a pleading tested by a previous demurrer. *People v. City of Spring Valley*, 129 Ill. 178; *People v. Gest*, 148 Ill. App. 560, 566. It is not contended in this case but that the information, in form, was sufficient, and the merits of relators' replications will be covered on other questions raised in the case.

Appellant contends that the court below had no jurisdiction of this case for the reason that substantially the same controversy was in issue on the chancery side of the court in a suit brought by H. E. McNevin against relators A. W. and Lois F. Stoolman, to determine the ownership of said certificate for three shares of stock, and to enjoin the defendants, and that the chancery court first secured jurisdiction and will therefore retain it to the exclusion of all other courts. The parties are different and the subject-matter is not the same as in the case at bar. Any decree entered in the chancery suit would not bind the appellant, who is not a party to the suit. *People v. Amos*, 246 Ill. 303. Any determination of the ownership of the three shares of stock formerly held by McNevin would have no bearing upon the election of officers in January, A. D. 1924. The question of offices, officers, elections or appointments is not mentioned in McNevin's bill of complaint and is not even incidental to any relief prayed for. A court of equity

is not the proper forum and it has no jurisdiction to try the title to a corporate office, when that is the primary relief sought. *Lawson v. Kolbenson,* 61 Ill. 418; *Burgess v. Davis,* 138 Ill. 581; *Chicago Macaroni Co. v. Boggiano,* 202 Ill. 316; *Garmire v. American Mining Co.,* 93 Ill. App. 333; *Blinn v. Riggs,* 110 Ill. App. 47.

The law is as stated in 14A Corpus Juris, p. 64: "Nevertheless, in order to give the court jurisdiction to determine the question involving the validity of elections in a suit of which it otherwise has jurisdiction, it is essential that the question should arise incidentally or collaterally, and that the granting of the relief prayed for should depend upon its decision." In other words, the chancery court cannot, in this case, assume jurisdiction over an election or the right to hold office unless the determination of that question is essential in determining the ownership of the three shares of stock. There is nothing to indicate that if McNevin had voted the three shares of stock at the meeting in January, 1924, there would have been any different result. The bill and answer in *McNevin v. Stoolman, ante,* p. 449, do not put in issue the question of any election or the right to hold any office. In *Underwood v. Underwood,* 139 Ga. 241, L. R. A. 1918A 1, it is held a former suit pending to abate a suit at law must be between the same parties and concerning the same subject-matter, and the general rule of determining the identity is to ascertain if the judgment in one would bar a prosecution in the other, and some cases hold that the identity is established, if the same relief could be had in the prior action. Plainly appellant's title to an office could not be determined in an action to which he was not a party. It is held that quo warranto is the proper remedy whenever any person intrudes into or usurps an office, in a private corporation, the same as a municipal office. *People v. Healey,* 230 Ill. 280.

The right to hold office is a political matter and it is a general, well-established rule in this State that the jurisdiction of a court of equity pertains only to the maintenance of civil, personal and property rights, and that it has no jurisdiction over matters or questions of a political nature, unless civil property rights are involved. *Payne v. Emmerson,* 290 Ill. 495; *Fletcher v. Tuttle,* 151 Ill. 41; *Scown v. Czarnecki,* 264 Ill. 305, 379; *Spies v. Byers,* 287 Ill. 629.

The McNevin equity suit has no bearing upon this case.

Appellant further contends that a court of law, in a quo warranto proceeding, can go behind the assignment and transfer of the certificate of stock and determine its ownership and the issues in this case, based upon the equities of the parties. We do not so understand the law. The assignment and transfer was in due form and signed by McNevin. By the allegations of the plea and rejoinder, Stoolman came into the legal and lawful possession of said certificate, duly and legally assigned to him as a trustee, with power of attorney to transfer said certificate and shares on the books of the company to himself. This was done by the secretary, Lois F. Stoolman, whom appellant had assisted in electing to that office. Appellant is estopped, by taking part in the election, to deny that Lois F. Stoolman was the secretary of said corporation. *People v. Waite,* 70 Ill. 27; *People v. Moore,* 73 Ill. 135, and *People v. Crowley,* 250 Ill. 287. The shares of stock appear duly recorded in the name of A. W. Stoolman, as owner, in the ledger and stock transfer book, in accordance with the by-law of the corporation and section 44, ch. 32, Smith-Hurd's Rev. St. [Cahill's Ill. St. ch. 32, ¶ 44.] Appellant charges that Stoolman is a trustee of this stock; that Stoolman has the legal title and appellant the equitable title. There are no charges of misrepresentation of facts on Stoolman's part in his method of obtaining or re-

taining possession of said stock certificate that would amount to a fraud. It has been held that equitable defenses cannot be pleaded and relied upon in an action of quo warranto. (*People v. Golden Rule,* 114 Ill. 45; *Burgess v. Davis,* 138 Ill. 581; *People v. Lihme,* 269 Ill. 351; *Place v. People,* 83 Ill. App. 88; Fletcher on Corporations, vol. 3, p. 2975, sec. 1772.)

In *People v. Golden Rule, supra,* at page 45, the court says:

"When the court had here allowed the information to be filed and ordered the summons to be issued, its discretionary powers were exhausted and the issues of fact and of law presented by the pleadings must then have been tried and determined 'in accordance with the strict rules of law * * * as in ordinary cases' (High on Extraordinary Legal Remedies, latter part of section 606)."

In *People v. Lihme, supra,* at page 356, the court says:

"Section 8 of the act under which the Zinc Company is incorporated provides that the capital stock shall be transferable on the books of the company in such manner as its by-laws may prescribe, and it is to the stock register, therefore, that the corporation must look to ascertain who are its stockholders."

At page 358 the court further says:

"The person in whose name stock is entered on the books of the company, whether as a trustee or individually, is, as between himself and the company, the owner to all intents and purposes, and particularly for the purposes of an election (*People v. Robinson,* 64 Cal. 373)."

In Fletcher Cyc. on Corporations, vol. 3, p. 2975, it is said:

"The general rule is that beneficial ownership is not necessary, and that a person who holds the legal title to stock on the books of the corporation is qualified (to be elected director), although the beneficial ownership may be in another. In other words, it is sufficient that title to the stock, as it appears on the

books of the corporation, is in the director, since the legal title is what counts and it is the person whose name appears as owner on the books of the company who is stockholder and eligible as director." Citing *People v. Lihme, supra.*

McNevin recognized this principle in starting his suit against Stoolman in a court of equity, which has complete and exclusive jurisdiction over the establishment and control of trusts.

Appellant further contends that there was a contract, by which it was mutually agreed by all of the stockholders, after the resignation of McNevin as general manager and the appointment of appellant to that position, that there should be no change in such appointment without the consent of all the stockholders, and that appellant, being a stockholder and not having consented to any such change, the appointment of Gonsior was void and appellant remained general manager. There was no consideration shown for the making of any such contract, without which, under the law as we understand it, held in *Luthy v. Ream,* 270 Ill. 180; *Thompson v. Thompson Carnation Co.,* 279 Ill. 60, and *People v. Emmerson,* 302 Ill. 300, it would be void. The effect of this contract would be to place the entire power of the board of directors as to these offices in McNevin or in Pyle or in Stoolman, or, at least, arm either of them with a complete veto upon the stockholder's right to vote his stock at corporate meetings, which would be in violation of the constitution and public policy of the State. *Luthy v. Ream, supra,* and *People v. Emmerson, supra.*

Other questions are raised in the case which we do not deem necessary to discuss. Under the law in a quo warranto proceeding, the respondent, by his plea, must either disclaim or justify. *People v. Karr,* 244 Ill. 374; *People v. Hamilton,* 299 Ill. 392; 32 Cyc. 1455; High on Extraordinary Legal Remedies, sec. 629. This, the appellant by his plea and rejoinder has failed

to do and the judgment of the circuit court of Champaign county should be affirmed.

*Judgment affirmed.*