(No. 15347.—Reversed and remanded.)
The Manchester Community High School District
No. 121, Appellee, vs. The Murrayville Community
High School District No. 123, Appellant.

*Opinion filed October 20, 1923.*

1. Schools—*equity cannot determine jurisdiction of overlapping school districts.* Where the territory of two high school districts overlaps, a court of equity cannot determine which district has jurisdiction over the land in dispute, as such question can be reached only by *quo warranto.* (*Zeigler* v. *Douglas,* 283 Ill. 407, distinguished.)

2. Jurisdiction—*parties cannot waive question of jurisdiction of subject matter.* Where a defendant to a bill goes to trial on the merits without objection to the jurisdiction of the court he does not thereby waive his right to insist, on appeal, that a court of equity has no jurisdiction of the subject matter, where the subject matter of the suit is wholly foreign to equity jurisdiction.

Appeal from the Circuit Court of Morgan county; the Hon. E. S. Smith, Judge, presiding.

Edward P. Brockhouse, and William T. Wilson, for appellant.

Thompson & Thompson, for appellee.

Mr. Justice Stone delivered the opinion of the court:

The appellee, the Manchester Community High School District No. 121 of Scott, Morgan and Greene counties, and the appellant, the Murrayville Community High School District No. 123 of Morgan county, are each claiming jurisdiction and control over certain territory included in the petitions for the organization of each district. The appellee, in an endeavor to settle the dispute as to which has the right to jurisdiction over the territory, filed its bill in the circuit court of Morgan county praying that the Murrayville High School District and its officers be enjoined

from exercising or attempting to exercise jurisdiction over this territory, and that said officers and the county clerk of Morgan county be restrained from levying and extending taxes thereon for the benefit of the Murrayville district. An answer was filed and a hearing was had before the master, and after argument of exceptions to the master's report the chancellor entered a decree, in which it was held that the Manchester Community High School District was a *de facto* organization at the date of the commencement of the suit; that the court did not have jurisdiction to determine the validity of the organization of either of the contesting school districts or the power or right of either of said districts to levy taxes upon or collect taxes in the territory in dispute. The decree, however, found that the Manchester district was first organized, and that it was confirmed by the fifth section of the act of the General Assembly approved May 10, 1921, entitled "An act to legalize the organization of certain high school districts," (Laws of 1921, p. 800,) providing that whenever two community high school districts are organized which overlap in the territory included, the district first established and which at the time of the passing of the act was conducting a high school is validated and confirmed. No injunction was issued but the costs were assessed against the Murrayville district, which has appealed to this court.

The error first assigned is, that while the chancellor held that a court of equity has no power to determine the organization of a school district, or its power to levy and collect taxes, yet the decree, by finding that the equities were with the Manchester district, in effect did exactly the thing which the chancellor held a court of equity had no authority to do. The second ground of contention is, that a court of equity is without jurisdiction of the subject matter, and that while the Murrayville district answered and a hearing was had on the merits of the bill, yet submitting itself to the jurisdiction of the court did not preclude it

from raising, on appeal, the question of jurisdiction of the subject matter.

As to the first contention, we confess we are unable to understand just what is meant by the decree. It holds specifically that the court declines to attempt to take jurisdiction of the question of the organization of these districts or of their power to levy or collect taxes, but it finds the equities are with the complainant, the Manchester district, and that by the validating act it is a valid district as respects the territory in question. On the other hand, it affords none of the relief sought, unless it be said that the mere fact that the holding that the Manchester district is a *de facto* district and therefore comes within the validating act of May 10, 1921, is to be considered as giving the relief sought by the bill. If such holding means anything, it means that the Manchester district is the legally organized district for the territory in question. Moreover, in view of the fact that the bill avers, and the answer and arguments of counsel admit, that this district is a district *de jure,* we are at a loss to understand how it could be held in the decree that the district is a *de facto* district.

A more serious objection to the decree, however, arises from sources other than the confusion to be found in it. The fundamental question involved in the case is as to the power of these districts over the land in question. It has long been settled in this State that such a question can be reached only by *quo warranto.* (*People* v. *City of Peoria,* 166 Ill. 517.) A court of equity has no jurisdiction of the subject matter of such an inquiry. (*Baird* v. *Community High School District,* 304 Ill. 526; *Howard* v. *Burke,* 248 id. 224; *Keigwin* v. *Drainage Comrs.* 115 id. 347; *Osborn* v. *People,* 103 id. 224; *Evans* v. *Lewis,* 121 id. 478.) In *Zeigler* v. *Douglas,* 283 Ill. 407, a bill was filed to determine which district had been first organized over the disputed territory. No question of the jurisdiction of the court was raised and the only question decided was

which district was first organized. The question of jurisdiction of the subject matter is raised in this proceeding, and this court is bound by the law on that question.

Counsel also urge that the question of the jurisdiction of a court of equity has been waived by appellant by appearing and submitting the cause to such court. It is true that where a court of equity has jurisdiction of the subject matter, objection to the jurisdiction of the parties may be waived by failure to raise the question in ample time, but if the subject matter of a suit is wholly foreign to equity jurisdiction, such court cannot grant relief even though the defendant submit to the jurisdiction of the court; and the fact that the defendant goes to trial on the merits without objection to the jurisdiction of the court does not waive his right to insist, on appeal, that a court of equity has no jurisdiction of the subject matter. *Hill* v. *St. Louis and Northeastern Railway Co.* 243 Ill. 344.

But counsel for appellee urge that there is no practical way to reach this question by *quo warranto;* that since the tax-payers within the territory may, by filing objections thereto, defeat any tax levied by either district, no tax-payer would attempt *quo warranto.* The question might well be raised by the people.

As we have seen, the real question involved in this case is as to the validity of these school organizations over the territory in question. A court of equity had no jurisdiction of the subject matter of such a question, and the bill should have been dismissed.

The decree is reversed and the cause remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*