**Richard D. Koziol and Geraldine L. Koziol, Appellees, v. Village of Rosemont, a Municipal Corporation, et al., Appellants.**

**Gen. No. 48,376.**

First District, First Division.

October 16, 1961.

321

Ancel, Siegel & Stonesifer, of Chicago (Louis Ancel and Jack M. Siegel, of counsel), for appellants.

Hennig & Croft, of Chicago (Manly R. Croft and Bernard A. Hennig, of counsel), for appellees.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

This is a declaratory judgment action, in which defendants appeal from a decree restraining them from interfering with the construction of plaintiffs' residence. The decree includes an order for the issuance of a writ of mandamus, directing defendants to

reissue or reinstate plaintiffs' building permit, which defendants had revoked.

On June 8, 1960, the defendant officials of the Village of Rosemont issued a permit to plaintiffs for the erection of a single family residence on a lot owned by plaintiffs in the village. After plaintiffs had excavated the area of the building site, poured the concrete footings, piers and foundation walls, the village issued a stop order on June 27, 1960. The officials of the village asserted that the foundation wall was too high and exceeded the permissible limits prescribed by the ordinances of the village, and that the foundation wall would have to be removed.

Thereafter, on August 10, 1960, plaintiffs filed a declaratory judgment action, in which they ask for a restraining order, a determination that the village ordinance involved was invalid, and an order directing the village officials to rescind their stop work order and "to approve any applications made to them for permits, licenses or otherwise in keeping with the spirit and intent of the order of this Court." On October 20, 1960, the court overruled defendants' motion to strike the complaint and dismiss the cause. It was defendants' premise that the "exclusive remedy for the revocation of a building permit or the stopping of work is by way of a Writ of Mandamus and the present action will not lie." Defendants then answered, and the declaratory action proceeded to a decree.

The evidence shows that on June 8, 1960, the village had in effect an ordinance which required a side yard on each side of a residence of 10 per cent of the lot width, and an ordinance which provided that "the Village Engineer shall establish the finished grade of all construction"; that plaintiffs' lot is 60 feet wide and slopes from the east to the west; that plaintiffs submitted building plans to the village, which indicate the top of the foundation was to be 6 inches above

the grade of the lot, and that on the west side of the building there was to be an open sunken stairway and platform lying below grade, leading to the basement entrance, extending 4 feet beyond the west building wall; that the projection of the basement stairway into the west side yard was not shown on a plat of survey, also submitted by plaintiffs with the building plans; and that the village officials revoked plaintiffs' building permit on October 20, 1960.

Plaintiff, Richard D. Koziol, testified that before the excavating started he was told by the village officials to set the top of the foundation 2 feet above a mark on a stake set in place by the village engineer; that the stake was knocked down after the foundation wall was poured, and he didn't know what happened to it; that when the concrete footings were poured for both the foundation and the basement stairway retaining wall, the village engineer inspected and approved them, and then the concrete foundation wall in question was poured; that the present foundation wall is 10 inches above the existing lot grade on the east side of the building and 27 inches above the existing lot grade on the west side. The village engineer did not testify. Defendants' only witness, the village president, testified as to conversations with Koziol about the height of the foundation wall after its installation.

The declaratory decree entered on November 18, 1960, found that the village on October 21, 1958, passed an ordinance, which provided "The Village Engineer shall establish the finished grade on all construction," and on August 2, 1956, passed an ordinance adopting the "National Building Code," wherein the word "grade" is defined as "Grade, with reference to a building or structure, means the average elevation of the ground adjoining the building or structure on all sides"; that no definition appears of the words

"finished grade" in any of the ordinances of said Village of Rosemont; that the plans and specifications submitted by plaintiffs "do in fact conform to the Zoning Ordinances of the Village of Rosemont"; and that the plaintiffs have not violated said ordinances of the Village of Rosemont with respect to the setting of the grade; that the permit issued to plaintiffs "was not based upon a misleading or incorrect plat of survey and that in fact an outside stairway is not and does not constitute a violation of said side yard requirement of the said Ordinance of the Village of Rosemont."

The decree determines and declares that the "finished grade ordinance" is valid, legal and constitutional and "is applicable only to the average elevation of the ground adjoining the building or structure on all sides, but does not refer nor is it applicable to the height of the foundation wall of the plaintiffs' premises"; and that defendants "have no legal right or authority to prescribe the height of the foundation wall of plaintiffs' premises. The order restrains all of the defendants from enforcing or applying the questioned ordinance against plaintiffs' premises and restrains them from interfering in any manner with the construction of the building under any authority conferred by the ordinance. The defendants are also "ordered and directed and mandated to revoke any and all stop orders . . . and void the revocation of the building permit previously issued the plaintiffs, and to reissue or reinstate said building permit as aforesaid." The clerk of the court is directed to issue "this Court's writ of mandamus," containing the commands of the decree. The court also reserved jurisdiction of the cause to make such further orders as may be necessary in the premises.

The principal question is presented by defendants' contention that mandamus is the exclusive remedy for

325

the issuance or reissuance of a building permit, and that the trial court erred in not dismissing plaintiffs' declaratory judgment action.

As contended by defendants, it is true that to compel the issuance or reissuance of a permit, mandamus is the appropriate remedy for a party allegedly aggrieved by the wrongful refusal of a city official to grant him a building permit required by a municipal building or zoning ordinance (Grace Missionary Church v. City of Zion (1921), 300 Ill 513, 133 NE 268; Hamilton v. City of Chicago (1923), 227 Ill App 291, 299) ; also, that "allegations of irreparable injury and hardship do not in any wise change" the rule that equity has no jurisdiction, because of the existence of a complete and adequate remedy at law (D. Gottlieb & Co. v. City of Chicago (1950), 342 Ill App 523, 529, 97 NE2d 468). However, our Supreme Court said in American Civil Liberties Union v. Chicago (1954), 3 Ill2d 334, 352, 121 NE2d 585.

*"Mandamus* is the appropriate form of action where the plaintiff raises no constitutional question and only alleges that the refusal of a license was not authorized by the statute or ordinance in question. . . . In that situation an injunction will not issue. (Grace Missionary Church v. City of Zion, 300 Ill 513, 133 NE 268.) If the plaintiff, however, alleges that one or more of the conditions required for a license are invalid, he may proceed either by *mandamus* or by injunction."

Plaintiffs contend that the mandamus remedy rule does not apply here, because they were not seeking a permit when the suit was filed, as they had one. Their primary objective was to secure a determination of their rights, based upon the village ordinances, and the right of the village to prescribe the height of the

326

foundation wall and to stop the work on plaintiffs' building. They also contend that a declaratory judgment action is not barred by the availability of mandamus.

 Actions brought under the Declaratory Judgments statute are neither legal nor equitable but sui generis. The statute provides for the entry of a declaratory judgment, decree or order, which takes the character of the nature of the relief declared. (Freeport Motor Cas. Co. v. Tharp (1950), 406 Ill 295, 299, 94 NE2d 139.) The scope of the declaratory judgment remedy should be kept wide and liberal and not restricted by technicalities. The important point is the right and duty of the courts to grant declaratory relief where, in the interests of the proper administration of justice, it ought to be granted regardless of how the particular action in which the declaratory relief is sought, may be classified. Declaratory relief is not "defeated by the mere existence of another form of action which could presently be employed. American Civil Liberties Union v. Chicago, 3 Ill2d 334, 353, 121 NE2d 585.

 The complaint in an action for declaratory relief, which recites in detail the legal dispute between the parties and prays for a declaration of rights and other legal relations of the parties, states facts sufficient to constitute a cause of action against a motion to dismiss for insufficiency of the complaint. (Burgard v. Mascoutah Lumber Co. (1955), 6 Ill App2d 210, 218, 127 NE2d 464; Anderson, Actions for Declaratory Judgments, Vol 1, 2d Ed, § 324, p 761.) The tendency seems to be to liberalize the use of the declaratory judgment action and for the court to take jurisdiction, notwithstanding there is an adequate

remedy by some other means. If there is no particular reason for denying the use of the Declaratory Judgment statute, even though the case presented may come within the scope of some other remedy, the declaratory judgment action should still be used. (Anderson, Actions for Declaratory Judgments, Vol I, 2d Ed, 1959 Supp, § 195; American Civil Liberties Union v. Chicago, 3 Ill2d 334, 352, 121 NE2d 585.) The Declaratory Judgment Act was not designed to supplant existing remedies but is an alternative or additional remedy to facilitate the administration of justice. Coven Distributing Co., Inc. v. City of Chicago (1952), 346 Ill App 448, 453, 105 NE2d 137.

■■■■ We believe the court was correct in denying defendants' motion to dismiss and in permitting plaintiffs to proceed with their declaratory judgment action. When the complaint was filed, plaintiffs had an unrevoked permit, and it did not require reissuance if plaintiffs complied with the demands of the village officials regarding the foundation wall height. The permit was not revoked until October 20, 1960, the day on which the trial court denied the motion to dismiss. Plaintiffs were seeking a determination of their rights and relief, based upon an existing permit, and it was on this theory that the action proceeded and was substantially determined. Initially, the facts did not present a situation which required the use of mandamus.

■■■■ We do not believe that an extended discussion of defendants' other contentions is required. The declaratory decree includes findings on each point, and there is substantial evidence in the record to support the court's findings. The decree is not contrary to the manifest weight of the evidence, or to the law.

We are not persuaded that defendants' citations on each point, which we have examined, apply to the facts of this case.

 We perceive no abuse of the sound judicial discretion, which the court had in awarding a writ of mandamus as part of the relief granted in this declaratory action. The revocation of the permit came during the pendency of the action, and the reinstatement or reissuance of the permit was required for plaintiffs to continue with the erection of their building, after the court had declared and determined the rights of the parties in the controversy. It is the duty of the court to grant such further relief as is incidentally necessary and proper to the controversy determined. The Declaratory Judgment statute "was designed to provide a speedy and inexpensive method of determining disputes." (Kitt v. City of Chicago (1953), 415 Ill 246, 252, 112 NE2d 607.)

We believe this case comes well within the scope of the explicit language of our Declaratory Judgment statute and its interpretations. The declaratory decree disposed of all matters in dispute and terminated the litigation, and for the reasons stated it is hereby affirmed.

Affirmed.

BURMAN, J., concurs.

ENGLISH, J., took no part.