Elm Lawn Cemetery Company, a Corporation, Plaintiff-Appellee, v. City of Northlake, a Municipal Corporation, Defendant-Appellant.

Gen. No. 67–92.

Second District.

May 9, 1968.

Rehearing denied June 19, 1968.

Donald J. Kreger and Thomas A. Matthews, of Chicago, for appellant.

David, Fainman, Abrahams & Chapman, of Chicago, and Redmond, Morgan, Mraz and Bennorth, of Bensenville, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of DuPage County declaring a certain ordinance of annexation null and void. Plaintiff, Elm Lawn Cemetery Company, an Illinois corporation, the owner of the tract of land in question, sought to have the court declare that the ordinance annexing its property was, in accordance with the terms of a certain preannexation agreement, null and void. City of Northlake, defendant, appeals from a judgment in favor of the plaintiff.

On October 29, 1964, plaintiff, defendant and County Line Industrial Development, Inc., an Illinois corporation (hereinafter referred to as "developer"), entered into a preannexation agreement with regard to certain property approximately 60 acres in size owned by the plaintiff. The agreement, among other things, gave the developer the right to purchase the property in question and provided that on its failure to purchase the property or failure to improve the property in accordance with the agreement and failure to develop the property industrially within the time agreed upon, that disconnection of the property from the City of Northlake would be mandatory and that under the terms of the agreement the annexation should be null and void. The preannexation agreement was executed by all of the parties, including the City of Northlake. In accordance with the express provisions of the preannexation agreement, the plaintiff filed a Petition for Annexation on October 29, 1964. An ordinance annexing the property in question was adopted by the City of Northlake on November 10, 1964. The Petition for Annexation had a copy of the preannexation agreement attached to it and was made subject to the terms thereof. Plaintiff, defendant and the developer amended the preannexation agreement on October 12, 1965. The changes made by said amendment are not material to this proceeding. The defendant admits in its answer that the developer has not constructed the improvements provided for in the preannexation agreement in the time

therein provided and further admits that in accordance with the preannexation agreement, upon failure to so do, that the agreement and the annexation should be null and void. Plaintiff petitioned for a disconnection; defendant refused to disconnect the property.

■■ Defendant on appeal first contends that the trial court erred in not dismissing plaintiff's complaint and asserts that the only way to attack the validity of the annexation ordinance is by a Quo Warranto action. There is no question that a Quo Warranto proceeding is a proper method of attacking the validity of an annexation ordinance. The question is whether such a proceeding is the only action available to the plaintiff. The Illinois Declaratory Judgment Act, c 110, § 57.1 (Ill Rev Stats 1965) states:

> "The Court may, in cases of actual controversy, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed, including the determination, at the instance of anyone interested in the controversy, of the construction of any statute, municipal ordinance, or other governmental regulation, or of any deed, will, contract or other written instrument, and a declaration of the rights of the parties interested. The foregoing enumeration does not exclude other cases of actual controversy . . ."

■■■ The complaint in this action does not question the validity of the annexation ordinance, but seeks rather to have a declaration that the preannexation agreement and the ordinance are to be deemed null and void since certain events did not occur. The court below found that by virtue of the events which had not occurred, under the terms of the preannexation agreement, the ordinance itself was null and void and the property in question should be disconnected from the City of Northlake. The declaratory judgment procedure is remedial.

The section does not create substantive rights and duties, but establishes a cumulative, procedural method for their judicial determination. The existence of other remedies does not preclude judgment for declaratory relief even though another remedy may be equally effective and available to the parties. In Koziol v. Village of Rosemont, 32 Ill App2d 320, 327, 177 NE2d 867, the court stated:

> "Actions brought under the Declaratory Judgments statute are neither legal nor equitable but sui generis. The statute provides for the entry of a declaratory judgment, decree or order, which takes the character of the nature of the relief declared. (Citation omitted.) The scope of the declaratory judgment remedy should be kept wide and liberal and not restricted by technicalities. The important point is the right and the duty of the courts to grant declaratory relief where, in the interests of the proper administration of justice, it ought to be granted regardless of how the particular action in which the declaratory relief is sought, may be classified. Declaratory relief is not 'defeated by the mere existence of another form of action which could presently be employed.' (Citation omitted.)

> "The complaint is an action for declaratory relief, which recites in detail the legal dispute between the parties and prays for a declaration of rights and other legal relations of the parties, states facts sufficient to constitute a cause of action against a motion to dismiss for insufficiency of the complaint. (Citation omitted.) The tendency seems to be to liberalize the use of the declaratory judgment action and for the court to take jurisdiction, notwithstanding there is an adequate remedy by some other means. If there is no particular reason for denying the use of the Declaratory Judgment statute, even though the case presented may come within the scope

of some other remedy, the declaratory judgment action should still be used. (Citation omitted.) The Declaratory Judgment Act was not designed to supplant existing remedies but is an alternative or additional remedy to facilitate the administration of justice. (Citation omitted.)"

We are of the opinion that the plaintiff here was entitled to declaratory relief.

The defendant contends that the affidavit attached to the plaintiff's motion for summary judgment stated conclusions and, therefore, would not be admissible in evidence. The record does not contain a copy of the instrument executed by the developer and the plaintiff. However, the affidavit filed by the plaintiff states that the agreement between the parties was an option, the terms of which had not been complied with; perhaps the better procedure would have been to attach to the affidavit a copy of the option. The defendant did not file a counter-affidavit to put the issue before the trial court of whether there was a contract or an option. The defendant relies on the recital in the preannexation agreement that this was a contract to purchase. The language of the preannexation agreement does not indicate or state that the relationship of the plaintiff to the developer was that of contract seller or grantor of an option. From this we conclude that there was no issue of fact before the court to be determined.

The purpose of the summary judgment proceeding is to avoid congestion of trial calendars and the expense of unnecessary trials by summarily disposing of cases wherein no genuine issue of material fact is presented. Giampa v. Sunbeam Corp., 68 Ill App2d 425, 429, 216 NE2d 233.

Defendant next contends that the developer was a necessary defendant and the court erred in not dismissing the complaint for failure to name the developer as a party. There is no question that the developer failed

to purchase the premises; failed to construct the water reservoir, pump house and appurtenances required pursuant to the terms of the preannexation agreement within the time required and specified. Defendant has failed to point out wherein the developer had any interest in the property or in the outcome of the decree. It was not error to proceed without the developer as a party defendant. Horn v. Horn, 5 Ill App2d 346, 351, 352, 125 NE 2d 539.

The final point urged by the defendant for reversal is that the city annexed the property pursuant to chapter 24, section 7-1-8 (Ill Rev Stats 1963) and that the disconnection therefrom must conform to the provisions and limitations of chapter 24, section 7-3-6. The authority of the defendant to make an annexation agreement is found in the Municipal Code of 1961, section 11-15.1 (Ill Rev Stats 1963, c 24, § 11-15.1-1). Section 11-15.1-2(a) provides that an annexation is subject to the provisions of article 7 of the Code. Section 11-15.1-2 (f) of the Code further holds that the contents of an annexation agreement may provide "Any other matter not inconsistent with the provisions of this Code, nor forbidden by law." A city can make a valid agreement for annexation which is enforceable. Maywood-Proviso State Bank v. Oakbrook Terrace, 67 Ill App2d 280, 285, 214 NE2d 582. Since a valid contract can be executed to annex territory, we construe the above provisions as sufficient grant to include in the agreement upon what terms the contract may be null and void, which was done in this case. We are of the opinion that the decree did not infringe upon the legislative functions of the city. As set forth in Arlington Heights Nat. Bank v. Arlington Heights, 33 Ill2d 557, 566, 213 NE2d 264: "Enforcement of the agreement according to its plain terms in no way infringes the discretionary power of the board since it had already exercised its discretion." It is our opinion

that this general authorization includes a provision for disconnection which is binding upon the parties.

For the reasons above given judgment of the lower court is affirmed.

Judgment affirmed.

DAVIS, P. J. and MORAN, J., concur.