UNION NATIONAL BANK, Trustee, Plaintiff-Appellee, *v.* THE VILLAGE OF GLENWOOD, Defendant-Appellant.

First District (3rd Division)    No. 61193

Opinion filed May 6, 1976.

Nolan, O'Malley & Dunne and McGrane, Perozzi, Stelter, Meekins & Gerardi, both of Chicago (Joseph R. Perozzi, Robert J. Nolan, Patrick W. Dunne, and Michael J. Fogarty, of counsel), for appellant.

George W. Brooks, of Chicago (Ellis B. Rosenzweig, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff filed a complaint in the circuit court of Cook County seeking a declaratory judgment that defendant Village of Glenwood's single-family

zoning ordinance, as applied to plaintiff's property, was invalid and that a proposed multifamily development would be proper. The trial court entered judgment for plaintiff, and the Village appeals. The Village contends that plaintiff is bound by a certain preannexation agreement entered into between the Village and former owners of the subject property which zoned the property for single-family residences. The Village also maintains that the trial court erred in holding that the single-family classification of the subject property was invalid, unconstitutional, and void.

On November 5, 1968, a preannexation agreement was entered into by the Village and the original owners of the subject property. On that same day, the Village adopted an annexation ordinance which was incorporated into the preannexation agreement by reference. The agreement provided that it should be binding on the parties thereto and their respective successors, heirs and assigns. It provided that the subject property was zoned single-family residential. Property directly to the east was zoned multiple family in accordance with a limitation on the total allowable area which could be so zoned under the agreement. The preannexation agreement contained no provision as to the length of its effectiveness.

In April 1971, James Edwards, a developer familiar with the surrounding vicinity, purchased the subject property and placed it in trust with plaintiff as trustee. Edwards and his wife were beneficiaries under the trust with power of direction. At the time of the purchase, Edwards was fully aware of all aspects of the preannexation agreement.

The subject property itself is a vacant strip of land, 250' by 750', situated on the southeast corner of Glenwood-Lansing Road and Cottage Grove Avenue in the Village. The land is surrounded primarily by residential single-family housing. On the northwest corner is a riding stable. The northeast corner is unimproved land owned by the Forest Preserve District. Immediately east and adjacent to the subject property is the aforementioned development of seven apartment buildings, each containing 12 units. The developer of those buildings was Edwards. At the time suit was filed in the present case, those buildings were owned by Edwards' brother. The rest of the area consists of single-family dwellings.

In the summer of 1973, Edwards filed a petition with the Zoning Board of Appeals of the Village to reclassify the subject property's zoning classification to multiple residential. After a hearing, the Board of Appeals recommended to the Village Board of Trustees that the request for rezoning be denied. The Village denied the rezoning request, and this litigation followed.

Specific statutory authority to enter into such preannexation

agreements is provided in section 11—15.1—1 of the Municipal Code. (Ill. Rev. Stat. 1973, ch. 24, par. 11—15.1—1.) This authority has been upheld by the courts as long as the agreements do not make provisions which otherwise would be forbidden by law. *(Elm Lawn Cemetery Co. v. City of Northlake* (1968), 94 Ill. App. 2d 387, 237 N.E.2d 345; *Maywood-Proviso State Bank v. City of Oakbrook Terrace* (1966), 67 Ill. App. 2d 280, 214 N.E.2d 582.) Our Supreme Court has upheld section 11—15.1—2(b) which specifically provides that zoning is a permissible subject of such agreements. *(Meegan v. Village of Tinley Park* (1972), 52 Ill. 2d 354, 288 N.E.2d 423.) Consequently, it is undisputed that the Village had the authority to enter into the preannexation agreement.

The issue remaining is whether the preannexation agreement is still in effect, thereby binding plaintiff to the single-family zoning classification. We find that the agreement was validly extended by statute and as such is in effect until November 5, 1978.

In 1963 the legislature amended the Illinois Municipal Code by the addition of sections 11—15.1—1 *et seq.* concerning annexation agreements. The statute specifically provided that any annexation agreement not containing its own termination date was limited to a period of five years from the date of the execution of the agreement. This section was in effect on November 5, 1968, when the subject agreement was executed by the Village and the original owners of the property. As no termination date was included in the agreement, the five-year statutory date applied, extending the agreement until November 5, 1973.

The legislature, however, amended section 11—15.1—5 of the statute, effective October 1, 1973, approximately one month before the termination date of the agreement under the statute then in effect. The only substantive change which concerns the present case is that the limitations period of such existing agreements was extended from five to ten years:

"Any annexation agreement executed prior to the effective date of this Amendatory Act of 1973 which was executed pursuant to a two-thirds vote of the corporate authorities and which contains provisions not inconsistent with Section 11—15.1—2 hereof is hereby declared valid and enforceable as to such provisions for the effective period of such agreement, or for 10 years from the date of execution thereof, whichever is shorter.

The effective term of any Annexation Agreement executed prior to the effective date of the Amendatory Act of 1973 may be extended at any time prior to the original expiration date to a date which is not later than ten years from the date of execution of the original Annexation Agreement.

This amendatory Act of 1973 is not a limit upon any municipality which is a home rule unit." (Ill. Rev. Stat. 1973, ch. 24, par. 11—15.1—5.)

Thus according to the clear wording of the statute, the limitation period of the present annexation agreement, which does not contain its own effective period, is given an effective period of ten years from its date of execution, November 5, 1968.

Limitation of the enforcement of annexation agreements relating to zoning by the legislature has been held to be a valid exercise of its police power. *(First National Bank v. County of Lake* (1955), 7 Ill. 2d 213, 130 N.E.2d 267.) In *Meegan v. Village of Tinley Park* (1972), 52 Ill. 2d 354, 288 N.E.2d 423, the Supreme Court held that the legislature could shorten or limit the term of a preannexation agreement, finding that the statute was in the nature of a statute of limitations which could be shortened if the legislature saw fit. If the legislature can shorten the term of a preannexation agreement, it surely can extend the term as it did in the 1973 amendment to the statute.

Under the provisions of section 11—15.1—4, any party to the agreement has the right to enforce and compel performance of the agreement within the statutory period. *(Meegan v. Village of Tinley Park.)* The plaintiff, a successor to a party to the preannexation agreement in question, is bound by the single-family zoning contained in such agreement until its expiration in November, 1978.

In view of our holding as to the validity and binding effect of the preannexation agreement, it is unnecessary to consider the Village's contention that the trial court erred in declaring the single-family zoning classification of the subject property to be arbitrary, unconstitutional, and void, and that a multifamily use was proper.

For the reasons stated, the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

DEMPSEY and McGLOON, JJ., concur.