THE DEPARTMENT OF ILLINOIS DISABLED AMERICAN VETERANS *et al.*, Plaintiffs-Appellees, *v.* VICTOR BIALCZAK *et al.*, Defendants-Appellants.

First District (3rd Division)    No. 63199

Opinion filed May 6, 1976.—Rehearing denied July 1, 1976.

Pedersen & Houpt, of Chicago (Richard V. Houpt and Paul S. Altman, of counsel), for appellants.

Halfpenny, Hahn & Roche, of Chicago, for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:
This interlocutory appeal involves a dispute over title to the office of Commander of the Department of Illinois Disabled American Veterans. Plaintiffs, the Illinois Chapter of the DAV (hereinafter the Illinois DAV)

and James Hamilton, brought a declaratory judgment action in the circuit court of Cook County seeking to declare Hamilton as the duly elected Commander. Plaintiffs also sought a preliminary injunction restraining defendants, The National Headquarters of the DAV (hereinafter the National DAV) and Victor Bialczak, from interfering with Hamilton or any other duly elected officer of the Illinois DAV. On September 9, 1975, the trial court granted the injunction at an ex parte hearing. Defendants appeal from the order of the trial court denying their motions to dissolve the preliminary injunction and to dismiss the complaint.

The only pleading filed is plaintiffs' complaint, the sufficiency of which is at issue. Therefore, for the purpose of this appeal the facts set forth in the complaint must be accepted as true and constitute the sole substantiation for the order of the trial court. As such, the facts in the complaint will be reviewed in some detail.

According to the complaint, the Illinois DAV is an Illinois not-for-profit corporation chartered as a State department of the National DAV. On June 28, 1975, the Illinois DAV held its annual convention, during which it was to elect its officers for the year, including the post of Commander. The convention appointed and approved a credentials committee which conducted hearings and examined the credentials of those members seeking to be seated as voting delegates. Majority and minority reports were presented to the convention, and the former was adopted. That report called for the seating of delegates from Illinois chapters 13, 14 and 29 and of past department Commanders entitled to vote in accordance with the bylaws of the Illinois DAV. The contest for the office of Commander was between plaintiff James Hamilton and defendant Victor Bialczak. Hamilton was declared the winner and was installed in office. Bialczak lodged no protest at the State convention.

On July 7, 1975, Bialczak and others filed a protest with the National DAV alleging irregularities in the seating of delegates to the Illinois convention and contending that Bialczak should have been installed as Commander. The National DAV suspended the charter of the Illinois chapter for 60 days from July 25, 1975. It also appointed and dispatched an investigating committee to Illinois. At the time of the initial hearing of the committee, plaintiffs had not been informed of the nature of the charges or of the evidence submitted by Bialczak. The request by plaintiffs' counsel for five days to review the charges and to prepare their rebuttal was denied by the investigating committee. In view of this denial to allow the preparation of an adequate defense, plaintiffs on advice of counsel refused to participate in the investigation.

On September 1, 1975, the investigating committee reported to the national convention of the DAV. The report recommended that the votes of Illinois chapters 13, 14 and 29 as well as the votes of three past

department Commanders be deducted from Hamilton's total. It further recommended that the votes of chapter 14 be added to Bialczak's total. The report was adopted and the national convention directed that Bialczak be declared winner of the election and be installed as Illinois Commander. A resolution also was adopted stating that Illinois DAV had no further right of appeal within the organization. Plaintiffs' notification of this action was the appearance of Bialczak at the Illinois DAV's offices on the morning of September 5, 1975 demanding that he assume the duties of Commander. Plaintiffs then filed for declaratory judgment under section 57.1 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 57.1) and successfully moved for a preliminary injunction.

■■ We shall consider initially defendants' contention that the complaint should be dismissed. While upon an interlocutory appeal this court is not permitted to reach the merits of the case, it may consider whether or not the complaint upon which the preliminary injunction was issued was sufficient to sustain the injunction or support a judgment. *Alfred Engineering, Inc. v. Illinois Fair Employment Practices Com.* (1974), 19 Ill. App. 3d 592, 312 N.E.2d 61; *Ware v. D.R.G., Inc.* (1974), 17 Ill. App. 3d 758, 307 N.E.2d 740.

The primary issue in the present case is the dispute over rightful title to the office of Commander. Plaintiffs have brought a declaratory judgment action and have not brought the action under the Quo Warranto Act. (Ill. Rev. Stat. 1973, ch. 112, par. 9 *et seq.)* Defendants label this as a "classic quo warranto situation," contend that quo warranto is the exclusive remedy for plaintiffs, and urge that the present complaint must be dismissed.

■■ Quo warranto has experienced only slight statutory alteration since its original and early enactment in Illinois. It has been defined as "[a]n extraordinary proceeding, prerogative in nature, addressed to preventing a continued exercise of authority unlawfully asserted." (Black's Law Dictionary 1417 (4th ed. 1951); *People ex rel. Brooks v. Village of Lisle* (1974), 24 Ill. App. 3d 432, 434, 321 N.E.2d 65.) Although limited under its common law inception, quo warranto may be brought to remedy private as well as public wrongs. Consequently, we recognize it as an appropriate remedy in the present case.

Defendants insist, however, that in actions involving title to an office quo warranto is the exclusive remedy. Defendants have produced no cases nor has this court been able to discover a case which as a primary holding specifically asserts the exclusiveness of this remedy in the present situation. It is true that in certain instances quo warranto has been held to exclude other remedies. For example, quo warranto has unequivocally been granted exclusive status in testing the validity of annexation proceedings. *(People ex rel. McCarthy v. Firek* (1955), 5 Ill. 2d 317, 125

N.E.2d 637; *Edgewood Park #2 Homeowners Association v. Countyside Sanitary District* (1969), 42 Ill. 2d 241, 246 N.E.2d 294; *People ex rel. Village of Northbrook v. City of Highland Park* (1976), 35 Ill. App. 3d 435, 342 N.E.2d 196; *Village of Bridgeview v. City of Hickory Hills* (1971), 1 Ill. App. 3d 931, 274 N.E.2d 925), or in considering the qualifications of a candidate. *(Wagler v. Stoecker* (1946), 393 Ill. 560, 66 N.E.2d 408; *Dilcher v. Schorik* (1904), 207 Ill. 528, 69 N.E. 807.) Conversely, quo warranto has been deemed to be an inappropriate remedy where direct review of an election exists *(People ex rel. Town of Richwoods v. City of Peoria* (1967), 80 Ill. App. 2d 359, 225 N.E.2d 48), where appeals within an organization concerning an election have not been exhausted (*People ex rel. Michajlowski v. Tanaschuk* (1942), 317 Ill. App. 130, 45 N.E. 2d 984), or where the official acts of public officers are being questioned. *People ex rel. Chillicothe Township v. Board of Review* (1960), 19 Ill. 2d 424, 167 N.E.2d 553; *People ex rel. Farrington v. Whitcomb* (1870), 55 Ill. 172.

Defendants rely on three cases in support of their contention that quo warranto is an exclusive remedy when the right to hold title to a private office is disputed. The case of *Edgewood Park #2 Homeowners Association v. Countryside Sanitary District* involved the validity of a pre-annexation ordinance. As stated, the law in that area is well settled, but we are confronted with an entirely different question and that case is not controlling here. *Black v. Termunde* (1973), 14 Ill. App. 3d 937, 303 N.E.2d 803, decided by this court, involved an election contest, not a proceeding in quo warranto, and therefore has little bearing on the exclusiveness of quo warranto in this case. In *Black,* the court, citing *Cipowski v. Calumet City* (1926), 322 Ill. 575, 153 N.E. 613, does mention that "a testing of the validity of an election" is a matter left to an action in quo warranto. The *Cipowski* case dealt with a special election for the purpose of voting upon the question of annexing territory to the city. Even if applicable, neither case mentions exclusiveness of the remedy of quo warranto. The third case relied upon by defendants, *People ex rel. Stoolman v. Pyle* (1924), 235 Ill. App. 532, is equally inapplicable. In *Stoolman,* a court of equity was said to be an improper forum without jurisdiction to try title to a corporate office, unless the question of who holds office is crucial collaterally to an issue properly before the court. Such a holding does not influence this court on the present issue, especially since *Stoolman* was decided prior to the merger in Illinois of law and equity and prior to the original enactment of the Declaratory Judgments Act in 1945. We do not disagree that quo warranto is a proper action in the question of trying title to corporate office. Such a conclusion is clearly stated in the statute. Rather we believe that neither the statute nor the case law mandates quo warranto as the exclusive remedy.

Plaintiffs have pointed out at least one case in which declaratory relief was granted when quo warranto was an available remedy. In *Elm Lawn Cemetery Co. v. City of Northlake* (1968), 94 Ill. App. 2d 387, 237 N.E.2d 345, the court was confronted with a judgment declaring an annexation ordinance null and void, resulting in the disconnection of plaintiff's land from the defendant city. The court conceded that a quo warranto proceeding would be a proper method of attacking an annexation ordinance. It inquired further as to whether such a proceeding was the only avenue of relief available to plaintiff in that factual setting. The court concluded that declaratory relief was proper, noting at pages 390-91:

> "The complaint in this action does not question the validity of the annexation ordinance, but seeks rather to have a declaration that the preannexation agreement and the ordinance are to be deemed null and void since certain events did not occur. The court below found that by virtue of the events which had not occurred, under the terms of the preannexation agreement, the ordinance itself was null and void and the property in question should be disconnected from the City of Northlake. The declaratory judgment procedure is remedial. The section does not create substantive rights and duties, but establishes a cumulative, procedural method for their judicial determination. The existence of other remedies does not preclude judgment for declaratory relief even though another remedy may be equally effective and available to the parties.

Since, in our view, neither the statute nor the courts have expressly made quo warranto into an exclusive remedy, we must view the alternative remedy which plaintiffs propose so as to assess applicability. The Declaratory Judgments Act was passed initially in Illinois in 1945 to complement and supplement existing remedies. (Ill. Rev. Stat. 1973, ch. 110, par. 57.1; see Historical and Practice Notes to the Act by Jenner and Tone.) Our Supreme Court has interpreted the wording of the statute to indicate that an action for declaratory judgment was not barred merely because of the existence of alternative available forms of relief. In *Kupsik v. City of Chicago* (1962), 25 Ill. 2d 595, 185 N.E.2d 858, the court stated at page 598:

> "In the early days of the declaratory judgment in this country, some courts held that a declaration of rights could not be had if any of the ordinary forms of relief were available. (See Borchard, Declaratory Judgments, chap. VI.) To avoid such a result, our statute, like the Uniform Declaratory Judgment Act, makes it clear that a declaratory judgment is not precluded by the availability of other relief. (Ill. Rev. Stat. 1961, chap. 110, par. 57.1; Uniform Declaratory Judgments Act, sec 8; 9A Uniform Laws Ann., p. 204.)

> The declaratory judgment has thus become an optional alternative remedy."

See also *Albright v. Phelan* (1971), 2 Ill. App. 3d 142, 145, 276 N.E.2d 1.

The utilization of the remedy of declaratory judgment has been declared to be liberal and not restricted by technicalities. It is to be gránted based upon the interests of justice in the existing factual context. *(Koziol v. Village of Rosemont* (1961), 32 Ill. App. 2d 320, 177 N.E.2d 867.)* It has been held in numerous cases dealing with a variety of remedies that the mere existence of another legal remedy is not grounds for refusing to entertain a complaint for declaratory judgment. *(American Civil Liberties Union v. City of Chicago* (1954), 3 Ill. 2d 334, 121 N.E.2d 585; *LaSalle Casualty Co. v. Lobono* (1968), 93 Ill. App. 2d 114, 236 N.E.2d 405; *Young v. Hansen* (1969), 118 Ill. App. 2d 1, 249 N.E.2d 300; *St. Joseph Hospital v. Corbetta Construction Co.* (1974), 21 Ill. App. 3d 925, 316 N.E.2d 51.)* In *Koziol v. City of Rosemont,* the court stated: "If there is no particular reason for denying the use of the Declaratory Judgment statute, even though the case may come within the scope of some other remedy, the declaratory judgment action should still be used." (32 Ill. App. 2d 320, 328.) The Declaratory Judgments Act "was designed to provide a speedy and inexpensive method of determining disputes." *Kitt v. City of Chicago* (1953), 415 Ill. 246, 252, 112 N.E.2d 607.

■■ Given the circumstances of the present case, we believe that a declaratory judgment action will fairly and quickly adjudicate the dispute as well as identify and preserve the rights of the parties. The cumbersome procedure of quo warranto would serve only to make the eventual resolution of the dispute by the court a meaningless decision. We hold that the trial court correctly denied defendants' motion to dismiss the complaint.

Defendants also contend that the preliminary injunction should be dissolved. They maintain that the injunction was improvidently granted since plaintiffs failed to allege facts sufficient to support such an order. It is well settled in Illinois that to obtain the extraordinary relief of an injunctive remedy, the probability of success on the merits must be demonstrated. Coupled with that showing is the necessity of demonstrating a need for preserving that status quo so as to prevent irreparable injury for which there is no adequate remedy at law. *Amber Automotive, Inc. v. Illinois Bell Telephone Co.* (1973), 15 Ill. App. 3d 769, 305 N.E.2d 270.

■■ Plaintiffs' evidence is deficient in at least two areas. First, plaintiffs have not demonstrated any irreparable injury, and the showing of such harm is vital to a court's determination of whether the injunction should issue. Indeed, the complaint does not allege that plaintiffs would have been irreparably harmed if the injunction did not issue, and such injury

cannot even be inferred from the facts which were stated in the complaint. Without such a showing, the injunction should not have been issued by the court. (See *McFetridge v. First Commercial Bank* (1961), 28 Ill. App. 2d 512, 171 N.E.2d 791.) Moreover, confining oneself to the facts set forth in the complaint, it is impossible to determine whether the issuance of the preliminary injunction preserved the status quo. From an examination of the complaint it is unclear who occupied the office of Commander at the time of the issuance of the injunction. For these reasons the preliminary injunction issued by the trial court must be dissolved. As a result of this holding, no other questions concerning the injunction need be considered.

For the reasons stated, the order of the circuit court of Cook County denying defendants' motion to dissolve the preliminary injunction is reversed, and the cause is remanded for further proceedings consistent with the holdings of this opinion.

Order reversed and remanded.

DEMPSEY and McGLOON, JJ., concur.