LORRAINE ALLEN *et al.*, Plaintiffs-Appellants and Cross-Appellees, *v.* RUTH LOVE, General Superintendent of the Board of Education, City of Chicago, *et al.*, Defendants.—(Joseph Mahran, Chief Financial Officer of the Board of Education, City of Chicago, Defendant-Appellee and Cross-Appellant.)

First District (4th Division)   Nos. 81—1280, 81—1778 cons.

Opinion filed February 3, 1983.

No brief filed for appellants.

James S. Gordon, Edward Slovick, and Ira Bodenstein, all of Chicago, for appellee Joseph Mahran.

JUSTICE LINN delivered the opinion of the court:

The defendant, Joseph L. Mahran, appeals from a summary judgment declaring that he forfeited his position as Chief Financial Officer of the Chicago Board of Education by failing to timely file a statement of economic interests pursuant to the Illinois Governmental Ethics Act (Act) (Ill. Rev. Stat. 1981, ch. 127, par. 604A–105(c)).[1] He contends that the plaintiffs lack standing to maintain an action to enforce the provisions of the Act and that the court erred in interpreting the Act as mandating an automatic forfeiture of office upon failure to comply with its time provisions. Although the plaintiffs have not filed a brief in this court, we have determined that this will not affect our consideration of the issues involved. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

Section 4A–105(c) of the Act requires a public officer such as the defendant to file a statement of economic interests at the time of his initial appointment or employment. A 30-day extension may be obtained upon filing a request not more than 10 days before or 10 days after the date when the statement is due. (Ill. Rev. Stat. 1981, ch. 127, par. 604A–105(c).) Section 4A–107 provides that "[f]ailure to file a statement within the time prescribed shall result in ineligibility for, or forfeiture of, office or position of employment, as the case may

---

[1] The General Superintendent of the Chicago Board of Education, Ruth Love, was also named as a defendant, but was dismissed by the trial court and is not a party to this appeal.

be." Ill. Rev. Stat. 1981, ch. 127, par. 604A—107.

The facts, which are undisputed, show that the defendant was appointed on April 14, 1980. Although he did not file a statement of economic interests at that time, he did file such statement on February 2, 1981. The statement revealed no conflicts of interest. On February 17, 1981, 15 days after the defendant's statement was filed, the plaintiffs filed a three-count complaint seeking his ouster from office for failure to timely file the statement upon his initial appointment. Count 1 sought a declaratory judgment that the defendant forfeited his office; count 2 sought a writ in *quo warranto* ousting him from office; and count 3 requested an injunction restraining him from acting in his official capacity.

The complaint recited that the plaintiffs "are taxpayers in the State of Illinois and residents of the City of Chicago and some of them have children now enrolled in and attending schools within the Chicago public school system." On the defendant's motion, the three plaintiffs who alleged only that they were taxpayers were dismissed for lack of standing. The court also dismissed plaintiffs' request for injunctive relief. However, the court refused to dismiss the remaining two plaintiffs who alleged also that they were mothers of children enrolled in Chicago public schools.

On May 18, 1981, the trial court entered an order granting the plaintiffs' motion for summary judgment on count 1, declaring that the defendant had forfeited his position as chief financial officer and was ineligible to continue serving in that position. The court denied the plaintiffs' request for an order declaring the defendant's official acts null and void, and judgment was stayed pending appellate review. The trial court declined to rule on the *quo warranto* count on the grounds that a ruling was unnecessary in view of the declaratory judgment.

The defendant contends on appeal (87 Ill. 2d R. 304(a)) that the court erred in considering the merits of this cause because the plaintiffs lacked the requisite standing to maintain either a declaratory judgment action or an action in *quo warranto*.

The purpose of a declaratory judgment action is to obtain judicial resolution of an actual dispute before the parties irrevocably jeopardize their rights. (*Gagne v. Village of LaGrange* (1976), 36 Ill. App. 3d 864, 345 N.E.2d 108.) In order to have standing to bring an action for declaratory relief, a party must be "interest[ed] in the controversy." (*Underground Contractors Association v. City of Chicago* (1977), 66 Ill. 2d 371, 376, 362 N.E.2d 298, 301.) As used in this phrase, "interested" does not mean merely having curiosity about or concern for

the outcome of the controversy. Rather, the party seeking relief must possess a personal claim, status or right which is capable of being affected, and the dispute must touch the legal relations of parties who stand in a position adverse to one another. *Underground Contractors Association v. City of Chicago.*

An action in *quo warranto* is a method by which the qualifications and eligibility of an individual to hold office may be challenged. (*Department of Illinois Disabled American Veterans v. Bialczak* (1976), 38 Ill. App. 3d 848, 349 N.E.2d 897.) It has been held that only the Attorney General or the State's Attorney, as representatives of the people, have standing to apply for a writ of *quo warranto* in matters of purely public interest or concern and that their discretion in such matters is absolute. (*People ex rel. Freeport Fire Protection District v. City of Freeport* (1980), 90 Ill. App. 3d 112, 412 N.E.2d 718.) A private individual must meet two requirements before he can pursue this remedy in his own stead. First, he must demonstrate that the Attorney General and the State's Attorney have been asked to proceed and have refused to pursue the matter. Second, he must show the invasion of a personal interest which is sufficiently distinct from the interest of the general public. (*People ex rel. Turner v. Lewis* (1982), 104 Ill. App. 3d 75, 432 N.E.2d 665.) The private interest allegedly invaded must be directly, substantially and adversely affected by the actions sought to be challenged in the *quo warranto* proceeding. Also, the damage to that interest must be then occurring or certain to occur. *People ex rel. Turner v. Lewis.*

The plaintiffs allege that they have standing in that they "are taxpayers in the state of Illinois and residents of the city of Chicago and some of them have children now enrolled in and attending schools within the Chicago public school system." In dismissing the three plaintiffs, who alleged that they had an interest only as taxpayers, the trial court apparently acknowledged that taxpayer status alone was insufficient to confer standing in this matter. Indeed, the plaintiffs failed to allege that the defendant's late filing would result in financial loss or other injury to themselves or to the taxpayers as a whole through increased taxation or some financial injury or other harm to the Chicago Board of Education. The question then becomes whether the additional status of the remaining two plaintiffs as mothers of children enrolled in Chicago public schools is sufficient to establish the possession of a personal claim or right which would be substantially affected absent relief by way of a declaratory judgment or a writ in *quo warranto.*

Although the plaintiffs allege that the defendant's failure to

timely file his statement of economic interests had a direct impact on the education of their minor children, they plead no facts which would establish that the defendant's late filing could have any effect whatsoever on the quality or quantity of education received by their children. As stated in *Stein v. Howlett* (1972), 52 Ill. 2d 570, 289 N.E.2d 409, a major purpose of the Ethics Act is to instill in the public, trust and confidence in its government and officials by preventing conflicts of interest. The plaintiffs' interest in assuring compliance with the Act does not amount to a personal claim or right, but is rather an interest held in common with members of the public as a whole. As such, it is insufficient to confer upon them the requisite standing to maintain this action. It is unquestioned that the Attorney General or the State's Attorney, as representative of the public, would have standing to enforce the provisions of the Act against the defendant. The record shows that the plaintiffs requested both of these public officials to bring an action in *quo warranto* and that both refused to do so.

Because we conclude that the court erred in considering the merits of this cause, it is unnecessary to address the issue of whether its interpretation of the Act was correct.

Accordingly, the judgment of the circuit court of Cook County is reversed.

JOHNSON and JIGANTI, JJ., concur.