No. 3--04--0038

_____Filed February 3, 2006

_____

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2006

| | | |
|---|---|---|
| MICHAEL WATSON, | ) | Appeal from the Circuit Court |
| | ) | of the 21st Judicial Circuit, |
| Plaintiff-Appellant, | ) | Kankakee County, Illinois, |
| | ) | |
| vs. | ) | |
| | ) | |
| WASTE MANAGEMENT OF | ) | No. 03--CH--277 |
| ILLINOIS, INC., COUNTY BOARD | ) | |
| OF KANKAKEE COUNTY, ILLINOIS, | ) | |
| and COUNTY OF KANKAKEE, | ) | |
| ILLINOIS, | ) | Honorable |
| | ) | J. Scott Swaim, |
| Defendants-Appellees. | ) | Judge, Presiding. |

_____

JUSTICE BARRY delivered the OPINION of the court:

_____

Appellant Michael Watson brought the instant suit against appellees Waste Management of

Illinois, Inc., County Board of Kankakee County, Illinois, and County of Kankakee, Illinois, seeking

an injunction and declaratory judgment. Appellees filed motions to dismiss pursuant to 735 ILCS

5/2-619(a)(9) and 2-615 (West 2002) for lack of standing, failure to allege facts sufficient to state a

claim, failure to name all necessary parties, and failure to bring the current action in *quo warranto*.

The trial court granted appellees' motions to dismiss pursuant to 2-615 on the sole basis that Watson

was required to bring this action in *quo warranto*. Watson timely appeals.

FACTS

On September 16, 2003, appellant Michael Watson filed a complaint against appellees Waste

Management of Illinois, Inc., the County Board of Kankakee County, Illinois, and the County of Kankakee, Illinois (collectively "WM"), seeking an injunction and declaratory judgment. Watson's complaint alleged that on June 27, 2001, the County Board of Kankakee County (Board) adopted by majority vote Ordinance No. 01-06-27-330 (Ordinance), which changed the method of electing Board members by replacing the seven, four-member districts with twenty-eight single member districts. The complaint alleged that an election was held in November 2002, pursuant to the new Ordinance, which resulted in the election of the Board members currently sitting, except any Board member who had resigned subsequently to the election. The complaint further alleged that Article VII, Section 3(b) of the Constitution of the State of Illinois states: "No county other than Cook County may change the method of electing board members except as approved by county wide referendum."

The complaint contended that the Board failed to hold a referendum to approve the change in method of electing Board members and, as a result, the Board was not legally constituted and its actions are therefore void or voidable. Specifically, Watson alleged that the Board was not able to accept Waste Management's filing of its request for site location approval, as required under Section 39.2(c) of the Illinois Environmental Protection Act (415 ILCS5/39.2(c) (West 2002)), nor make any binding decision on Waste Management's request. Watson's complaint asked for various forms of relief, including a declaratory judgment that the Ordinance is unconstitutional, a declaratory judgment that the November 2002, election of the Board was void, enjoining Waste Management from filing any application with the Board and declaring any attempted filings void, and enjoining the Board from receiving any such application from Waste Management and declaring any decisions that have been already made void.

2

Waste Management filed a motion to dismiss Watson's complaint pursuant to 735 ILCS 5/2-619(a)(9) and 2-615 (West 2002). Waste Management argued that Watson lacked standing to bring an action for injunctive and declaratory relief and failed to allege the facts required to state a cause of action for an injunction or declaratory judgment. The Board and the County of Kankakee, Illinois, also filed a motion to dismiss Watson's complaint pursuant to 735 ILCS 5/2-615 (West 2002), alleging that Watson was required to bring his action in *quo warranto* and, further, Watson's complaint failed to name all necessary parties.

Following a hearing on the appellees' motions to dismiss, the trial court issued a memorandum opinion granting the motions to dismiss pursuant to section 2-615 on the sole basis that Watson was required to file his action in *quo warranto*. Watson timely appeals.

ANALYSIS

The sole issue we consider on appeal is whether the trial court properly found that *quo warranto* proceedings are the exclusive remedy in the instant suit, thereby warranting dismissal of Watson's complain. Watson argues that injunction and declaratory judgment are appropriate remedies where the constitutionality of a statute is challenged. Watson stresses that his complaint primarily challenges the constitutionality of the Ordinance, and the additional remedies he seeks, such as a finding that the current Board is without authority to act, merely constitute a by-product of this primary challenge.

We first briefly address WM's argument regarding whether jurisdiction is properly vested in this court. The record reveals that there was some confusion in the lower court regarding the effect of the trial court's order and, as a result, Watson was unsure whether his complaint was dismissed in entirety or in part. Watson subsequently filed a notice of appeal and a petition for leave to amend

3

and file a *quo warranto* complaint. On appeal, WM contends that if Watson's petition for leave to amend is considered a post-judgment motion, this court would lack jurisdiction over Watson's appeal because his time to file a notice of appeal would have been tolled. A post-judgment motion challenges a trial court's final order and tolls the time for filing a notice of appeal. See <u>Kingbrook v. Pupurs</u>, 202 Ill. 2d 24, 27, 779 N.E. 2d 867, 870 (2002). However, Watson's petition for leave to amend did not challenge the trial court's order, thus it does not constitute a post-judgment motion. Watson's time to file a notice of appeal was thus never tolled and, accordingly, jurisdiction is properly vested in this court.

An action in *quo warranto* may be brought in a case where "[a]ny person usurps, intrudes into, or unlawfully holds or executes any office, or franchise, or any office in any corporation created by authority of this State." 735 ILCS 5/18-101 (West 2002). A *quo warranto* proceeding is a challenge to a defendant's right to exercise jurisdiction over territory or to hold public office. <u>City of Highwood v. Obenberger</u>, 238 Ill. App. 3d 1066, 1079, 605 N.E. 2d 1079, 1087 (1992). A *quo warranto* proceeding is generally regarded as an appropriate and adequate remedy to determine the right or title to public office and to oust an incumbent who has unlawfully usurped or intruded into such office. <u>City of Highwood</u>, 238 Ill. App. 3d at 1079, 605 N.E. 2d at 1087. *Quo warranto* has been held to exclude other remedies when testing the validity of annexation proceedings or the qualifications of a candidate. <u>Department of Disabled American Veterans v. Bialczak</u>, 38 Ill. App. 3d 848, 850-51, 349 N.E. 2d 897, 899-900 (1st Cir. 1976).

In the instant case, it is evident that Watson's complaint challenges the validity of the Board's authority to act. Accordingly, and as Watson acknowledges, a proceeding in *quo warranto* is an

4

appropriate and adequate remedy to determine the Board's right to its office. However, it is not clear that the existence of a *quo warranto* remedy necessarily precludes Watson's complaint, particularly given that Watson is primarily challenging the constitutionality of the Ordinance. WM has not convincingly shown that an incidental challenge to the Board's authority that results from an otherwise proper constitutional challenge may only be carried out through a *quo warranto* proceeding. Interestingly enough, not one of the cases cited by WM specifically states that quo warranto is the *exclusive* remedy for complainants under similar circumstances to the case at bar. See, e.g., Manchester Community High School District Number 121 v. Murrayville Community High School District Number 123, 309 Ill. 403, 405, 141 N.E. 129, 130 (1923) (question of the power of various school districts over disputed territory can be reached only by *quo warranto)*; Schallau v. City of Northlake, 82 Ill. App. 3d 456, 462, 403 N.E. 2d 266, 271 (1979) ("*quo warranto* is the only proper remedy for questioning the validity of an annexation"); Allen v. Love, 112 Ill. App. 3d 338, 341, 445 N.E. 2d 514, 516 (1983) ("action in *quo warranto* is *a method* by which the qualifications and eligibility of an individual to hold office may be challenged") (emphasis added); City of Highwood v. Obenberger, 238 Ill. App. 3d 1066, 1079, 605 N.E. 2d 1079, 1087 (1992) (*quo warranto* is "*an appropriate and adequate remedy* to determine the right or title to public office") (emphasis added). The question of whether *quo warranto* is the exclusive remedy for actions questioning title to an office was considered by the First District in Department of Disabled American Veterans v. Bialczak, 38 Ill. App. 3d 848, 349 N.E. 2d 897 (1st Cir. 1976). In that case, the plaintiffs challenged the validity of a contest for the office of Commander and filed a complaint seeking both a preliminary injunction and declaratory judgment. Department of Disabled American Veterans, 38 Ill. App. 3d at 848-49, 349 N.E. 2d at 898. The defendants unsuccessfully sought a

5

motion to dismiss on the grounds that *quo warranto* was the plaintiffs' exclusive remedy under the facts. On appeal, the defendants argued that because the primary issue involved a dispute over the rightful title to the office of Commander, the facts gave rise to a "classic *quo warranto* situation" and *quo warranto* was therefore the exclusive remedy. Department of Disabled American Veterans, 38 Ill. App. 3d at 850, 349 N.E. 2d at 899.

The First District acknowledged that *quo warranto* was an appropriate remedy under the facts, however, declined to find that it was the only remedy. Department of Disabled American Veterans, 38 Ill. App. 3d at 850-51, 349 N.E. 2d at 899-900. The court first noted that the defendants could not produce a case which specifically asserted the exclusiveness of *quo warranto* under similar facts. Department of Disabled American Veterans, 38 Ill. App. 3d at 850, 349 N.E. 2d at 899-900. The court also noted that the statute itself does not mandate *quo warranto* as an exclusive remedy when trying title to corporate office. Department of Disabled American Veterans, 38 Ill. App. 3d at 851, 349 N.E. 2d at 900. The First District further took note of one case cited by the plaintiffs, Elm Lawn Cemetery Company v. City of Northlake, 94 Ill. App. 2d 387, 237 N.E. 2d 345 (1968), where that court concluded that declaratory relief was proper even though a *quo warranto* proceeding would have also been a proper method of attacking an annexation ordinance. Department of Disabled American Veterans, 38 Ill. App. 3d at 852, 349 N.E. 2d at 900.

The First District concluded that because neither the statute nor case law expressly made *quo warranto* an exclusive remedy, it was then proper to determine whether declaratory judgment was an appropriate alternative vehicle. Department of Disabled American Veterans, 38 Ill. App. 3d at 852, 349 N.E. 2d at 901. The court found that the existence of a *quo warranto* remedy was not grounds for refusing to entertain a complaint for declaratory judgment, and therefore upheld the trial court's

6

determination that *quo warranto* was the plaintiffs' exclusive remedy.  Department of Disabled American Veterans, 38 Ill. App. 3d at 853, 349 N.E. 2d at 901.

This court finds the First District's reasoning sound and agrees that *quo warranto*, though an appropriate remedy under the instant facts, is not an exclusive remedy.  Therefore, we find that the trial court erred in dismissing Watson's complaint on this basis.  The remainder of issues discussed in Watson's brief relate to various side issues which were raised in WM's motions to dismiss, including standing and whether Watson properly stated claims for relief for injunction and/or declaratory judgment.  However, because the trial court's dismissal was based solely on the issue of whether Watson's complaint could have only been brought in *quo warranto* proceedings, we find it unnecessary to decide these additional matters for purposes of this appeal.  We therefore reverse the trial court's dismissal and remand the cause for further proceedings consistent with this order.

For the foregoing reasons, the trial court's dismissal of Watson's complaint is reversed and the cause remanded for further proceedings.

Reversed and remanded.

HOLDRIDGE, J. concurring.  SCHMIDT, P. J. dissenting.


PRESIDING JUSTICE SCHMIDT, dissenting:

---

The majority hangs its hat on *Department of Disabled American Veterans* to support its conclusion.  I believe that *Department of Disabled American Veterans*, even if correctly decided, is not authoritative, since it dealt with the right to hold office in a

7

private corporation as opposed to the right of elected officials to hold public office. If the majority is correct, we could now have dozens or hundreds of private attorneys general filing declaratory judgment actions to challenge the right of any elected official to hold office. Under the common law, *quo warranto* was the exclusive method of challenging a public official's right to act. It was then codified.

It seems clear from the *quo warranto* statute that the legislature intended to limit the ability of private individuals to file suit challenging the right of one to hold public office. There can be no doubt that the statute requires a would-be-private plaintiff to jump through enough hoops to fatigue an Olympic gymnast. The intent is clear. If all of this can be avoided by simply filing a declaratory judgment action, the *quo warranto* statute is meaningless. It would seem that both the common law and the *quo warranto* statute were born of the commonsense recognition that it is not in the public interest to allow individuals, without restriction, to file lawsuits challenging the authority of public officials to act. Such lawsuits, in sufficient number, could easily paralyze or bankrupt a unit of government. Any suit challenging the right of an elected public official to act must be brought in *quo warranto*. See *People ex rel. Turner v. Lewis,* 104 Ill. App. 3d 75, 432 N.E.2d 665 (1982); *People ex rel. Freeport Fire Protection District v. City of Freeport*, 90 Ill. App. 3d 112, 412 N.E.2d 718 (1980).

I would affirm the trial court. I, therefore, respectfully

8

dissent.